CARTER v. DAVIDSON ET AL.

1. **Appeal:** NOT TAKEN IN TIME. In an action to quiet a title, there was a decree upon a demurrer against defendant, which held that he was estopped by a former adjudication to question the title under the tax deed. This decree was rendered April 1, 1886. The final determination of the cause was, however, delayed on account of a petition of intervention, and on May 24, 1886, a full decree was entered in favor of plaintiff and against the defendant and intervenor. Within six months from the date of the final decree, but more than six months from the date of the first one, defendant appealed from the decree last entered. *Held* that his rights were fully adjudicated under the first decree, and that, as he did not appeal from it within the six months allowed by statute, his claim could not be reviewed in this court upon an appeal from the last decree. (Compare *Williams v. Wells*, 62 Iowa, 747, and *McMurray v. Day*, 70 Id., 671.)

2. **Evidence:** RECORD OF DEEDS: FOUNDATION. Plaintiff having shown by his own testimony that certain deeds in his chain of title were not in his possession or control, and did not belong to him, *held* that he was thereupon entitled to offer in evidence the record of such deeds, without evidence of their execution. (Compare Code, §§ 3659, 3660.)

3. **Conveyance:** INTOXICATION, FRAUD AND INADEQUATE CONSIDERATION AS GROUNDS OF RESCISSION. A rescission of a conveyance was sought by the intervenor on the ground that the grantees procured him to become intoxicated, and that while he was in that condition they obtained from him the conveyance in question for a very inadequate consideration; but, upon an examination of the evidence, (see opinion,) *held* that these allegations were not sustained.

*Appeal from Sioux District Court*—HON. C. H. LEWIS, Judge.

FRIDAY, OCTOBER 21.

THIS is an action in equity, and involves the title to 160

acres of land in Sioux county. There was a decree for the plaintiff, and E. C. Davidson, defendant, and Robert Poole, intervenor, appeal.

*Burke & Hewitt* and *H. E. Long*, for appellants.

*Pitts & Kessey*, for appellee.

ROTHROCK, J.—I.  The case is presented to us upon quite a voluminous abstract, a large part of which consists of the pleadings, which include the petition, answers and cross-bills, and answers thereto, and replies, a petition of intervention, and an answer and cross-bill thereto, and other pleadings not necessary to be enumerated here.  The substance of the controversy, as presented in this court, is as follows: The plaintiff claims title to the land under a tax deed made to one Cyrus Ames, on the 12th day of November, 1872, in pursuance of a sale for the taxes of 1868. He sets up an alleged chain of title from Ames, through several intermediate parties, to himself.  The defendant, Davidson, claims title under certain conveyances made by the widow and heirs of one Thomas E. King, deceased, who purchased the land from the United States.  The abstract of title exhibited with the defendant's answer and cross-bill shows that the land was conveyed to him by said widow and heirs on the 24th day of January, 1872.  It will be observed that the ultimate questions for determination in the court below, and in this court, are whether the plaintiff is the lawful holder and owner of the tax title, and whether said title is valid as against the defendant, who holds under the patent title.

In the course of making up the issues, the plaintiff set up the record of a suit brought by one Easton against the defendant Davidson in the district court of Sioux county. Said record shows that Easton was then the owner of the tax title in question, and the object of the suit was to quiet said title.  The whole of the record in said action was exhibited,

<div style="margin-left: note">1. APPEAL: not taken in time.</div>

with the pleadings, including the affidavit for publication, the original notice and the decree. The decree was entered on the 17th day of March, 1874, and it quieted Easton's title to the land, and forever barred and estopped the defendant Davidson, and other defendants to said suit, from having or claiming any right or title to the land. This record and adjudication was set up as a full answer and defense to any claim or right of title now asserted by Davidson. Davidson demurred to this pleading, and on the 27th day of November, 1885, the demurrer was overruled. The defendant excepted to the ruling on the demurrer, and stood and relied thereon; and afterwards, on the 1st day of April, 1886, the court, on motion of the plaintiff, entered a decree as follows:

"Now, at this time, to-wit, April 1, 1886, the plaintiff files motion to strike the amendment of defendant from files, and afterwards, and on the same day, Robert Poole files his petition of intervention herein against the plaintiff, who appeared in person, and objected thereto, and afterwards, and on the same day, this cause came up for hearing, upon the motion of the plaintiff for judgment and decree on the ruling upon the second division of the demurrer of the defendant to division three of plaintiff's answer and reply to the cross-petition of the defendant, E. C. Davidson. The plaintiff appeared in person, and by Pitts & Kessey, his attorneys, and the defendant by H. E. Long and Burke & Hewitt, his attorneys, and the court, after full consideration of said motion, and after being fully advised in the premises, finds that heretofore, at the last term of this court, the said demurrer was by this court overruled, and held to not be a good demurrer, and that the defendant elected in open court to stand upon his said demurrer. It is therefore ordered, adjudged and decreed that the matter set forth in division three of plaintiff's said answer and reply to defendant's said cross-petition were and are a complete defense to defendant's said cross-petition; that said cross-petition contains no equity or cause of action against the plaintiff concerning the sub-

ject-matter of said cross-petition, to-wit, the south-east quar-
ter of section thirty-one, township ninety-six north, range
forty-four west of fifth P. M.; and it is further ordered, ad-
judged and decreed that said cross-petition of said defendant
be, and the same is, dismissed for the want of equity or cause of
action against the plaintiff upon the matters set forth therein;
to all which the defendant duly excepts."

This decree was a full and complete adjudication of the va-
lidity and binding effect of the suit to quiet title, and the whole
cross-bill of the defendant was dismissed for want of equity.
It was also an adjudication that Easton, the plaintiff in the
action to quiet title, was at that time the owner of the tax
title under which the plaintiff now claims the land; and
all the pleadings filed after that by the defendant raised no
issue as against said tax title.    There was nothing left of the
issue between the plaintiff and Davidson, excepting, possibly,
mere formal proof by the plaintiff that he was the owner of
the tax title.    The final disposition of the case was delayed,
however, until later, by reason of a petition of intervention,
filed by Robert Poole, an intermediate grantee of the tax title,
in which he claimed that he had been induced by a fraudulent
conspiracy of one Mann and the plaintiff to convey the land
to Mann, the plaintiff's immediate grantor.    Issue was joined
upon the petition of intervention, and a trial was had thereon;
and on the 24th day of May, 1886, a full decree was entered
for the plaintiff against the defendant, and against Poole,
the intervenor.    From this last decree the appeal was taken.
No reference is made in the notice of appeal to the decree
entered against defendant on the 1st day of April, 1886, and
the appeal was not taken until more than six months after
April 1, 1886.

It is claimed that an appeal should have been taken from
that decree, and we think this position of appellee must be
sustained.    As we have seen, the decree was a full and final
adjudication that the defendant was in no position to ques-
tion the validity of the tax title.    He was estopped by the
decree quieting title against him.    The plaintiff, and those

under whom he claims, had been in possession of the land for several years; and, when it was adjudged that defendant had no right to question plaintiff's title under the tax deed, an appeal should have been taken from that decree.　We do not determine that if there had been a mere formal ruling on the demurrer, without a decree, an appeal should have been taken from such ruling.　But the decree was a final adjudication of defendant's right to attack the tax title.　It expressly determined a right, and could afterwards be called in question by an appeal taken within proper time, and in no other manner. See *Williams v. Wells*, 62 Iowa, 747; *McMurray v. Day*, 70 Id., 671.

II. The plaintiff showed by his own testimony that certain deeds in his chain of title were not in his possession, did not belong to him, and were not under his control.

**2. EVIDENCE: record of deeds: foundation.**
He then offered in evidence the record of such deeds.　It is claimed that the record was incompetent evidence, because there was no evidence of the execution of said deeds.　It is provided by section 3659 of the Code that " every instrument in writing, affecting real estate, which is acknowledged or proved and certified,　*　*　*　may be read in evidence without further proof;" and under section 3660 the record of such instrument, or a duly authenticated copy thereof, is competent when it is shown, by the party's own oath or otherwise, that the original is lost, or not belonging to the party wishing to use the same, or within his control.　Proof of the execution of the instrument is not necessary in either case.

III. As to the rights of Robert Poole, the intervenor.　It is claimed in his behalf that he was the owner of the land in question, and that he conveyed it to one Mann,

**3. CONVEYANCE: intoxication, fraud and inadequate consideration as grounds of rescission.**
who conveyed it to the plaintiff; that the conveyance from him was procured by a fraudulent combination between Mann and the plaintiff.　He claims, in substance, that Mann caused and procured him to become intoxicated to such an extent as to ren-

der him incompetent to contract; and that, while in such condition, Mann and the plaintiff cheated and defrauded him by inducing him to convey the land in controversy and certain personal property to said Mann for a consideration of $850. said land and personal property being at the time worth $5,000; and he demands that plaintiff be required to reconvey the land to him.

We have carefully examined the evidence upon the claim made by Poole, and our conclusion is that he is not entitled to any relief. It is true, the evidence shows that before he made the conveyance he was much of the time intoxicated, and at times incompetent by reason thereof to transact business; but he had repeatedly offered the property for sale for $900, when not intoxicated; and the evidence does not show that the amount paid him by Mann was grossly inadequate. The property was not worth $5,000. It was heavily incumbered by mortgages. Poole had paid but $250 of the purchase-money which he contracted to pay for the land, and he conveyed it to Mann subject to the purchase-money mortgages upon it. After he made the conveyance, he assisted in removing the personal property from the farm to Orange City, and delivered it to Mann, and gave him possession of the land without any complaint that he had been defrauded. In view of these facts, and many others which might be stated, he is in no position to demand the rescission of the conveyance. His petition of intervention appears to have been an afterthought; and the afterthought was that of others rather than his own.                                          AFFIRMED.