37 379
102 257

FANNING v. THE ·MINNESOTA RAILROAD COMPANY.

1. **Jurisdiction:** APPEARANCE BY ATTORNEY. That an attorney was not authorized to accept service of notice will not affect the jurisdiction, if his subsequent appearance in the case was authorized.

2. **Garnishment:** NOTICE TO GARNISHEE : JUDGMENT. That the notice to a garnishee required him to appear and answer interrogatories in the *district* court will not affect the power of the circuit court to render judgment against him, if it appears from his answer taken by the sheriff, and other proof offered that he was indebted to the defendant.

3. —— So, too, if the garnishee himself does not complain of the judgment against him, and it is not alleged that the judgment against the defendant is unjust, the same will not be disturbed.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 22.

MOTION to set aside a judgment against the defendant, and to discharge garnishee, overruled by the court, from which the defendant appeals. The further facts appear in the opinion.

*Polk, Hubbell & Goode* for the appellant.

*Bartle & Ball* for the appellee.

MILLER, J. — On the 31st day of July, 1869, the plaintiff filed his petition in the circuit court claiming of the defendant $376 for services, etc., as its chief engineer. 1. JURISDICTION. On the same day John J. Wickham, as attorney for the defendant, accepted service of the original notice and also filed an answer in the case admitting the allegations of

plaintiff's petition, judgment was thereupon rendered for plaintiff for the amount of his claim and costs.   An execution was issued August 4, 1870, directed to the sheriff of Warren county, who attached J. R. Reddish, as garnishee on the 11th of August, and took this answer as such.   Upon this answer the court, at the January term, 1871, rendered a judgment against the garnishee for $333.15 as the amount due from him to the defendant.

On the 19th day of April, 1871, the defendant appeared and filed a motion to set aside the judgment rendered against it and to discharge the garnishee, Reddish, upon the following grounds:

1st. "The defendant herein was not served with the original notice in this cause.

2d. "The attorney, John J. Wickham, who accepted service in this cause and who appeared and filed an answer herein was never authorized or empowered to do so, and such acceptance of service and appearance is without authority, and in no way binding on defendant.

3d. "The alleged garnishee was never served with the execution in the cause.

4th. "The executions issued in this cause were directed to the sheriff of Polk county, Iowa, and the same purport to be executed by the sheriff of Warren county, Iowa.

5th. "Said garnishees are not shown by their answers to be indebted to the defendant.

6th. "The fact that such judgment was rendered as above stated, was not known to defendant until since the last term of this court."

In support of this motion the defendant filed the affidavits of the president and secretary tending to show that John J. Wickham, the attorney who accepted service and appeared in the action had no authority to do so.   On the other hand the plaintiff filed the affidavits of said Wickham, and that of the vice-president and general agent of the railroad company, together with a copy of a special letter from the president, which, in our opinion, show most satisfactorily that the attorney was fully authorized to appear on behalf of the defend-

Fanning v. The Minnesota R. R. Co.

ant, and that the answer filed by him was duly authorized by the defendant. Whether the answer thus filed was consistent with the proper discharge of the attorney's duty does not here arise and cannot affect the question of his authority. The appearance by the attorney being authorized the court acquired jurisdiction of the defendant and any irregularities in the original notice, or the want of authority in the attorney to accept service of such notice, become immaterial. The authorized appearance waived these defects.

It is next insisted that although the judgment against defendant be valid, the judgment against the garnishee is void, 2. GARNISHMENT. "because it was rendered without authority of law, and the court had no jurisdiction to render the same."

The answer of the garnishee taken by the sheriff, was returned into the circuit court from whence the execution issued; the court found upon that answer, and other proofs offered in the case, that he was indebted to the defendant in the sum of $333.15, and rendered a judgment accordingly. The jurisdiction of the court over the garnishee was complete, and the fact that a notice was served on him to appear and answer interrogatories in the *district* court, did not affect the power of the circuit court to enter judgment against him.

For the reasons above stated, and the additional ones, that the garnishee does not complain of the judgment against him, and it is not alleged that the judgment against the defendant is unjust, either in whole or in part, the order of the circuit court, overruling appellant's motion, must be

Affirmed.

COLE, J., took no part in the decision of the case.