WILLIAMS v. WILLIAMS.

1. **Garnishment:** NOTICE TO PRINCIPAL DEFENDANT: JURISDICTION: PRACTICE. The notice required by chapter 58 of the acts of the Eighteenth General Assembly to be served on the principal defendant in garnishment proceedings, must be served ten days before the trial of the issue in the case; or, if there be no issue, ten days before judgment is rendered against the garnishee. Without such notice, the court had no jurisdiction of the subject-matter in this case, and it was proper for the court, after an erroneous trial of the issues without such notice, to make an order setting aside the submission and trial of the cause as premature, and continuing the cause for such action as either party might be advised to pursue.

*Appeal from Poweshiek Circuit Court.*

WEDNESDAY, OCTOBER 3.

THE plaintiff in this action, on the sixteenth of December, 1879, recovered a judgment for money in the court below against Stephen Williams. Execution was issued on the judgment, and A. G. Williams, the defendant herein, was garnished. His answer denying indebtedness to the defendant in the judgment was taken and filed. The plaintiff filed a pleading controverting the answer of the garnishee, and, at the April term, 1881, the cause was tried upon the issues thus made. The trial was by the court without a jury, and at the conclusion of the trial the cause was submitted to the court to be decided in vacation as of the last day of the term. At the two succeeding terms of court, the cause was continued under the former order, and on the seventh day of September, 1882, the judge before whom the cause was tried filed an order that the trial and submission of the cause be set aside as premature, because no notice of the garnishment was served upon the judgment debtor previous to the trial and submission of the cause.

The garnishee excepted to this order, and afterwards moved

the court to set the same aside and discharge him from all lia-
bility. The motion was overruled, and defendant appeals.

*Haines & Lyman*, for appellant.

*A. W. Ballard* and *John T. Scott*, for appellee.

ROTHROCK, J.—I. The decision of the judge before whom
the cause was tried was as follows: "Plaintiff on December
16, 1879, in the circuit court in and for Poweshiek county,
recovered judgment against Stephen Williams for $2,028.66
and costs; general execution was issued thereon on December
19, 1879, and thereunder, at said time, the defendant herein,
A. G. Williams, was duly garnished; the answer of the gar-
nishee was taken during vacation and filed June 6, 1880;
pleadings controverting such answers were filed by plaintiff
on December 20, 1880, and on April 21, 1881, such issues
were tried at the April term of said court, April 25th, 1881,
and submitted to be decided in vacation as of the last day of
such term. At the time of the trial and submission, notice
of the pendency of the garnishment proceeding had not been
made upon the principal defendant, Stephen Williams. On
May 21, 1881, there was duly served upon said Williams a
notice in writing to the effect that the said proceedings were
then pending in said court, and that the court would, as of
the April term, 1881, enter judgment against the said A. G.
Williams as garnishee for the full amount of the judgment in
favor of the plaintiff.

"At the time of the service of such notice the papers and ar-
guments (written) of counsel were not yet delivered to the
judge trying the cause, and were not so delivered until long
afterwards.

"The court finds that under Sec. 2975, Code, judgment can-
not be rendered against the garnishee unless the principal de-
fendant—the judgment debtor—has had ten days' notice of
the pendency of the proceedings in garnishment; that such
service must be at least ten days previous to the hearing and

submission of the issue—whether legal or of fact—of the liability of the garnishee; the object in requiring such notice being to enable such defendant (principal), if so advised, to take part in the determination of any question therein in which he may have an interest—the amount of the indebtedness of the garnishee, as well as the question of exemption.

"The required notice was not served in this case, and the adjudication of the question at issue between plaintiff and defendant is prohibited.

"Counsel for defendant insist that by reason of such want of notice to the judgment debtor the defendant should, be discharged. The court finds that such question cannot be raised in this manner, and thinks the proper mode of so doing would be by motion to discharge garnishee for want of prosecution of cause, or delay in serving the required notice on the principal defendant, thus presenting a distinctive issue, which was not done in this case other than in argument.

"It is therefore ordered that the trial and submission of this cause be set aside as premature, and that the cause stand continued for such action as either of the parties thereto may be advised to pursue.

"The costs of trial had, depositions, witnesses, etc.—all the evidence being reduced to writing and of file—it is ordered that same stand to abide the result of the suit, subject to such exceptions as may hereinafter appear or be shown. To all of which plaintiff excepts and defendant excepts."

C. HEDGES, *Judge.*

By chapter 58 of the acts of the Eighteenth General Assembly, section 2975 of the Code, was amended as follows: "But no judgment shall be entered in any garnishment proceedings, condemning the property or debt in the hands of the garnishee, until the principal defendant shall have had ten days notice of such proceedings." *  *  *  *

We think the court correctly held that the notice required should be served ten days before the trial of the issue in the case, or, in case there is no issue, ten days before judgment

is rendered against the garnishee. The object of the statute is to give the judgment defendant an opportunity to intervene in the proceedings and protect any right he may have. Counsel for appellee claim that the only question submitted to the court was, whether or not the garnishee was indebted to the execution defendant, and that it was not sought in the proceeding to *condemn* the debt in the hands of the garnishee. This, we think, is a mistaken view of the statute. But one trial is required to determine the rights of all the parties. In our opinion the court made the correct order in the premises.

The statute, in effect, positively requires that no judgment shall be rendered against the garnishee and in favor of the execution plaintiff without notice to the execution defendant. This notice is essential to the jurisdiction of the court over the subject matter in controversy, which is the debt owing or property held by the garnishee. Now, if the court had no jurisdiction of the subject matter for want of the notice required by law, and the garnishee failed either by pleading or motion to assert his right to be discharged, but submitted the cause without making that question of record, we think it was proper for the court to make the order which was made in this case. The result of the proceedings was a mistrial, owing to a defect of the parties necessary to give the court jurisdiction of the subject matter.

AFFIRMED.