65  471
102  259

## STOCKBERGER v. LINDSEY.

1. **Witnesses**: GARNISHEE: RIGHT TO FEES IN ADVANCE: JUDGMENT AGAINST GARNISHEE FOR REFUSING TO ANSWER. Witnesses, including garnishees, may demand their mileage and their fees for one day's attendance in advance, and, if not so paid, they need not attend; but if they do attend without demanding their mileage in advance, they cannot then, as a condition to testifying, for the first time demand their mileage. And where a garnishee appears and demands mileage and one day's attendance as a condition to answering, and, upon the refusal by plaintiff to comply with such demand, he departs and refuses to answer, the court may rightly render judgment against him to the full extent of plaintiff's demand. Code, § 2984. Whether he might not, after appearance, be entitled to his fees for one day's attendance before answering, *quaere*.

*Appeal from Adair Circuit Court.*

SATURDAY, DECEMBER 13.

In an action before a justice of the peace a judgment was rendered against the defendant as garnishee. She sued out a writ of error from the circuit court, and upon the hearing thereof the judgment of the justice was affirmed, and the defendant appeals.

*Church & Don Carlos*, for appellant.

*J. E. Andrews* and *J. Y. Culver*, for appellee.

SEEVERS, J.—The defendant was duly summoned to appear before a justice of the peace as a garnishee. In obedience to the summons she appeared, demanded "her fees of plaintiff, including mileage from home, before she would answer said garnishment, and plaintiff's attorney refused to pay said fees

unless so ordered by the court to pay them. The court thereupon ruled that the plaintiff was not compelled to pay her said fees." Thereupon the defendant "refused to remain in court and testify or answer said garnishment, and therefore the court rendered judgment for the amount of the judgment and costs against John Lindsey, on which she was garnished."

I. We are required to determine whether the justice erred in the ruling made by him, above stated. The statute provides that "where the garnishee is required to appear at court *  *  * he is entitled to the pay and mileage of a witness, and may in like manner require payment beforehand in order to be made liable for non-attendance." Code, § 2983. "Witnesses are entitled to receive in advance, if demanded, their traveling fees to and from court, together with their fees for one day's attendance. At the commencement of each day after the first, they are further entitled, on demand, to receive the legal fees for that day in advance. If not thus paid, they are not compelled to attend or remain as witnesses." Code, § 3674. Witnesses are entitled to receive traveling fees and for one day's attendance in advance, if demanded, if such demand is made at the time they are notified to appear. Possibly such a demand could be lawfully made at any time before they do appear, but if they appear they waive the right to demand or receive mileage, because the only demand that can be made after their attendance before the court is for one day's attendance, which must be made on the morning of each day. The defendant, as garnishee, was entitled to the same privileges, and no more. We have no occasion to determine whether the defendant could have lawfully demanded her fees for a day's attendance, because she did not do this, but demanded mileage, and to the latter we clearly think she was not entitled.

II. If the garnishee fails to appear and answer the interrogatories propounded to him without sufficient excuse for his delinquency, he shall be presumed to be indebted to the exe-

cution defendant to the full amount of the plaintiff's demand. Code, § 2984. The non-payment of the fees the garnishee was entitled to, if the same had been lawfully demanded, would have excused the failure to testify. Having been lawfully summoned, and having failed to so answer, the justice rightly indulged the presumption that the garnishee was indebted to the execution defendant, and he did not err in rendering judgment against her for such amount. The circuit court, therefore, did not err in affirming the judgment of the justice.

AFFIRMED.