## GAGE v. MASCHMEYER.

1. **Garnishment**: ON JUSTICE'S JUDGMENT: OF DEBT OUT OF COUNTY: JURISDICTION OF CONSTABLE. A judgment was rendered against K. in C. county, upon which an execution was issued, and thereunder the constable went into W. county and garnished M., (the defendant herein,) who resided there, as a supposed debtor of K. M. appeared before the justice in C. county, and answered that he was indebted to K. on a non-negotiable note, and thereupon, after notice to K., and against his objection, judgment was rendered against M. as garnishee. Before the appearance of the garnishee the note had been assigned to plaintiff herein, who brings this action on the note. *Held* that the constable had no authority to go into W. county and levy on the property of K. there, which was the legal effect of what he did, and that his acts therein were void, and did not bring the property (the debt garnished) within the jurisdiction of the justice, and that the judgment against the garnishee was therefore void, and did not stand in the way of plaintiff's recovery against M. on the note. (See opinion for cases followed and distinguished.)

*Appeal from Worth District Court*—HON. G. W. RUDDICK, *Judge.*

WEDNESDAY, OCTOBER 19.

ACTION on a promissory note. Judgment for plaintiff, and defendant appeals. The amount in controversy being less than $100, a single question was certified upon which it was deemed material to have the opinion of this court, which is sufficiently referred to in the opinion.

*Stanbury & Clark*, for appellant.

*S. W. Woodhouse*, for appellee.

SEEVERS, J.—The defendant executed to one Kidder a promissory note, which was not negotiable. An action was brought against Kidder in Cerro Gordo county, and a judgment rendered against him therein by a justice of the peace. An execution was issued on the judgment, and placed in the hands of a constable of Cerro Gordo county, who went into Worth county, where the defendant resided, and, by virtue thereof, "summoned the defendant, as a garnishee, to appear

before the justice in Cerro Gordo county, and answer as to his indebtedness to Kidder." In obedience to such notice or summons the defendant did appear, and answered that he was indebted to Kidder in the amount of said promissory note. Thereupon Kidder was notified to appear and show cause why judgment should not be rendered against the defendant as garnishee. He did appear, and asked that the defendant be discharged, which was overruled, and judgment rendered against the defendant. Before the appearance of the garnishee, the note had been assigned to the plaintiff. Such being the facts stated in a question certified to us, we are asked, in substance, whether the judgment against the garnishee is void because the justice did not have jurisdiction to render it. Whether the justice obtained jurisdiction over the defendant by his appearance we have no occasion to inquire. The material question is whether he obtained jurisdiction over the subject-matter of the action, which was the indebtedness due from the defendant to Kidder.

A proceeding in garnishment is in the nature of a proceeding *in rem;* and the *res* or thing which is the subject of the action must be before the court. The *res* in this case was the indebtedness due from the defendant Kidder. We are of the opinion that it was not before the court, for the reason that it had not been attached or levied upon, or seized under the execution; for whatever the constable did in Worth county was absolutely void. He had no power or right to levy an execution issued by a justice of the peace in Cerro Gordo county on property in Worth county, and the indebtedness above mentioned was property. This view is sustained by *Rock v. Singmaster*, 62 Iowa, 511, and *McDonald v. Moore*, 65 Id., 171. The appellant cites and relies on *Smith v. Dickson*, 58 Iowa, 444. In that case the jurisdiction of the justice of the subject-matter—that is, the *res*—and of the defendant, was conceded. Besides this, there is a material difference in the facts in that case and the one at bar. The question asked must be answered in the affirmative, and the judgment of the district court is    AFFIRMED.