KENOSHA STOVE COMPANY, Appellee, v. J. A. SHEDD, Garnishee, Appellant.

BRIDGE, BEACH & Co., Appellees, v. THE SAME.

BURDETT, SMITH & Co., Appellees, v. THE SAME.

1. **Garnishment:** ANSWER OF GARNISHEE TAKEN BY OFFICER: AUTHORITY. In cases of garnishment under a writ of attachment the officer serving the writ may take the answer of the garnishee without previous direction in writing as provided in section 2980 of the Code.

2. ———: SERVICE OF WRIT: VALIDITY OF PROCEEDINGS AGAINST GARNISHEE. Where a writ of attachment has been duly served by garnishment, no order sustaining the attachment is necessary to the validity of proceedings against the garnishee.

3. ———: JUDGMENT AGAINST GARNISHEE: NOTICE TO DEFENDANT. Under the provisions of chapter 58, of the Acts of the Eighteenth General Assembly, that no judgment shall be entered against a garnishee until the defendant has had ten days' notice of the garnishment proceedings, the service of notice upon the defendant before the commencement of proceedings against the garnishee, and before answer or issue joined thereon, is sufficient.

4. ———: ———: JUDGMENT AGAINST DEFENDANT: EVIDENCE. Upon the trial of issues taken on the answer of a garnishee the court will take judicial notice of a judgment against the principal defendant in the case.

5. ———: ———: EVIDENCE: OBJECTIONS: PRACTICE. An objection to the admission of evidence upon trial, that it is incompetent, irrelevant and immaterial, will not entitle a party to have the admissibility of such evidence considered in the supreme court under an objection that it is secondary.

6. ———: ———: SECONDARY EVIDENCE: WHEN ADMISSIBLE. Where it appears that a party has neither the possession nor control of an original deed, nor any right thereto, a certified copy of the record thereof is admissible in evidence without further proof.

7. ———: ———: ———: ASSIGNMENT OF MORTGAGE. The recording of an assignment of a mortgage being necessary to the protection of the rights of the assignee as against subsequent purchasers without notice, secondary evidence of such instruments is admissible upon the same grounds that such evidence of other recorded instruments is received.

8. ———: EVIDENCE : ERROR WITHOUT PREJUDICE.   Where an objection to a question put to a witness was erroneously overruled, but the facts which said question called for, and which rendered it objectionable, were not stated by the witness in his answer, the ruling will be regarded as error without prejudice.

9. ———: INSTRUCTIONS TO JURY : UNDISPUTED FACTS.   Facts that appear of record in a case, and about which there can be no controversy, may properly be assumed by the court as established, and so stated in its instructions to the jury.

10. ———: FRAUD : DEFENSE : LIABILITY OF GARNISHEE.   A garnishee cannot avoid liability to the garnishing creditor by showing that the property in respect to which he has been garnished came into his hands under an arrangement to defraud the creditors of the principal defendant.

11. ——— : ——— : INSTRUCTIONS TO JURY.   The court instructed the jury that fraud will not be presumed, but must be proved by the party charging it; and that if the facts upon which the charge is predicated are or may be consistent with honesty and purity of intention, the charge of fraud will fail.   *Held*, that the instruction, considered with other instructions given, was proper.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

THURSDAY, MAY 21, 1891.

THE plaintiffs named in the titles of the actions involved in this appeal brought suit against J. R. Billings, and caused J. A. Shedd to be served with process of garnishment. He made answer to the questions prescribed in the statute to be propounded to a garnishee by the sheriff serving the garnishment process, in which he denied indebtedness to the defendant in attachment. Issue was taken upon the garnishee's answer by the plaintiffs, who alleged that the garnishee held certain promissory notes,—one secured by mortgage, which the garnishee has negotiated, and another without security,—both being fraudulently given, and received by the garnishee to hinder and delay the creditors of Billings and especially the plaintiff. After answer and amended answer by the garnishee to the pleadings of the creditors, and a demurrer thereto, the causes were consolidated, and together tried to a jury,

and a verdict and judgment had in each case. From the judgment in each case the garnishee appeals. *Affirmed.*

*Rickel & Crocker*, for appellant.

*Chas A. Clark*, for appellees.

BECK, C. J.—I. The objection to the judgments in these cases will be considered in the order of their discussion by counsel. The facts involved will be stated in connection with the consideration of the several questions presented in argument by counsel.

II. The plaintiffs demurred to certain matters pleaded in the garnishee's answer as defenses to the proceeding by garnishment. One of these is to the effect that the plaintiffs gave no written directions to the sheriff to take the answer of the garnishee. The demurrer raises the question whether a written notice to the sheriff is necessary to give him jurisdiction to require the garnishee to answer. Code, section 2930, provides that "when the plaintiff, in writing, directs the sheriff to take the answer of the garnishee, the sheriff shall put to the garnishee the following questions:  *  *  *"

1. GARNISHMENT: answer of garnishee taken by officer: authority.

Is the written direction of the plaintiff necessary to confer power upon the sheriff to take the answer of the garnishee? This power is conferred by the statute in cases wherein attachment issues, and is exercised by means of the writ of attachment, which identifies the subject of the exercise of the power. The statute is the source of power, the writ the instrument for its exercise, and the written notice is the *præcipe* directing and demanding the discharge of the power conferred and the duty imposed by the statute. The service of garnishment process, and the taking of the garnishee's answer, are matters pertaining to the execution of the writ. Code, sec. 2975. It will be readily seen that the written direction of the plaintiff does not confer power or authority upon the sheriff. Its purpose is to direct

the performance of duty and the exercise of authority in plaintiff's behalf, just as *præcipe* was formerly used in legal proceedings. It is intended for the protection of the sheriff, not to give him power. It follows that the failure of the plaintiffs to give him written directions does not invalidate his acts. *Van Fossen v. Anderson*, 8 Iowa, 251, cited by counsel for the garnishee, supports the foregoing views. It is a case where no writ of attachment had been issued. It was held that "without a writ of attachment the sheriff  *  *  * had no authority or right  *  *  * to take his [garnishee's] answer." The question of the effect of the want of the written direction to the sheriff is not in the case.

III.   The garnishee pleads as a defense that no order was ever made by the court sustaining the attachment. None was necessary. The attachment was valid, and remained so, not having been set aside, nor having wholly discharged its office, and become *functus officio*. Its validity, appearing, will be presumed to continue until the contrary is shown. It requires no order of the court to perpetuate its validity.

2. ——: service of writ: validity of proceedings against garnishee.

IV.   It is alleged in the garnishee's answer that the defendant in the case was not served with the notice required by the amendment to Code, section 2975, made by chapter 58, Acts of the Eighteenth General Assembly, which provides that no judgment shall be entered against the garnishee until the defendant has had ten days' notice of the proceedings. The answer refers to certain notices given, the garnishee alleging them to be insufficient, for the reason that no cause was pending against the garnishee, and his answer had not been taken, and no issue was raised in the garnishment proceedings. It appears from the record that the notices referred to in the garnishee's answer were served long before the time prescribed by the statute. We think they are in compliance with the law.

3. ——: judgment against garnishee: notice to defendant.

V.   It is insisted that the pleadings and evidence do not sustain the judgment, for the reason that it is not alleged nor proven that the plaintiffs were existing creditors of Billings. It must be remembered that the garnishment proceedings are in the identical case in which claims were sued upon and judgments rendered against Billings. The judgments are surely evidence that the holders thereof are creditors of Billings, and, as these judgments are in the very cases wherein the garnishment proceedings were had, the record whereof was before the court, judicial notice, without pleading or proof, was properly taken of the facts shown by the judgment. The garnishee's cases are brought to enforce the judgments; they are proceedings in execution of the process issued upon the judgments. Surely in the trial of all issues arising thereon the court will take notice of the judgments without profert thereof. *Farrington v. Sexton*, 43 Mich. 455; 5 N. W. Rep. 654; Waples, Attach. 379; *State v. Schilling*, 14 Iowa, 455; *State v. Bowen*, 16 Kan. 475; *Farrar v. Bates*, 55 Tex. 193.

*4. ——: ——: judgment against defendant: evidence.*

VI.   Certified copies of the record of certain conveyances made to or by the garnishee and Bixby, who had executed a note to Billings for nine thousand dollars, alleged to have been fraudulently transferred to the garnishee, were admitted in evidence over the objections of the garnishee, based upon the ground that the evidence is "incompetent, irrelevant and immaterial." It is now insisted that the evidence was erroneously admitted for the reason that it is secondary evidence, and no foundation for the admission of copies was laid. But the objection was not made in the court below, where the evidence was offered, and is not covered by the objection based upon the alleged incompetency, irrelevancy and immateriality of the evidence. It cannot now be considered in this court. *Homestead Co. v. Duncombe*, 51 Iowa, 525. "Secondary evidence not objected to becomes in effect primary evidence." *Moore v. McKinley,*

*5. ——: ——: evidence: objections: practice.*

60 Iowa, 367; *Jeffray v. Thompson*, 65 Iowa, 323; *White v. Smith*, 54 Iowa, 233.

VII. But, as the plaintiffs did not have possession or control of the original papers, and had no right

6. ——: ——: sec-ondary evi-dence: when admissible.

thereto, the copies of the record were admissible without preliminary proof. *Bixby v. Carskaddon*, 55 Iowa, 533; *McNichols v. Wilson*, 42 Iowa, 385; *Carter v. Davidson*, 73 Iowa, 45.

VIII. One of the instruments, of which a copy was admitted in evidence, was the assignment of a mort-

7. ——: ——: ——: assignment of mortgage.

gage. The counsel for the garnishee insist that the record of such an instrument is not required by law. But this court has held otherwise. *Parmenter v. Oakley*, 69 Iowa, 388; *Bowling v. Cook*, 39 Iowa, 200; *Cornog v. Fuller*, 30 Iowa, 212; *McClure v. Burris*, 16 Iowa, 591; *Bank v. Anderson*, 14 Iowa, 544.

IX. Billings, the defendant in the case, was a witness. The abstract shows the following question,

8. ——: evidence: error without prejudice.

objection thereto, ruling thereon, and the answer of the witness: "*Q. 4.* Have you stated, since your first deposition or testimony in this case, that of the money referred to in the foregoing interrogatories, paid you by Bixby, you sent one thousand dollars by said Bixby to James A. Shedd, in Algona, immediately after the alleged consummation of the sale of said stock of goods? and state whether or not you did in fact send said sum of one thousand dollars, paid you by Bixby on the sale of the goods to said Shedd, at Algona, immediately after said pretended sale was consummated as aforesaid? (Objected to by the garnishee defendant as incompetent, irrelevant and immaterial. The objection overruled, and the garnishee defendant excepts.) *A.* It is now difficult for me to recall or say what I have said without being referred to time, place and person; but I did in fact send one thousand dollars in currency to James A. Shedd, in

VOL. 82—35

Algona, Iowa, by J. A. Bixby, immediately after I had sold the goods to Bixby at Cedar Rapids."

It is insisted that the court below erred in over-ruling the objection to the question. Let it be admitted that the question should not have been asked, for the reason urged by counsel, namely, that it called for declarations and admissions made by Billings, subsequent to the transactions between Billings and Shedd, brought in question in this action. But as the witness was unable to answer the question, and did not answer it, no prejudice resulted. The actual answer of the witness was the statement of a fact occurring before the action was commenced. No objection was made to this answer in any form or on any ground. It cannot be complained of now.

X. The court, in stating the issues in the case, informed the jury that the plaintiffs, the attaching creditors, had garnished Shedd, who appeared and answered as garnishee. It is insisted that this instruction assumes facts and recites them to the jury. The facts stated appeared of record in the case, about which there was not and could not be any controversy. The court rightly stated them to the jury.

9. ——: instructions to jury: undisputed facts.

XI. The court directed the jury that if they found Shedd, the garnishee, accepted a note made by Billings, and another made by Bixby to Billings, with the purpose of defrauding Billings' creditors, Shedd is liable as garnishee. Counsel for the garnishee think, and asked the court to so inform the jury, which was refused, that Shedd is not liable unless he received something on the notes, or Billings had made payment thereon. Counsel insist that, if the transactions as to the notes were fraudulent, Shedd had no property in them, and, therefore, recovery cannot be had against him in this case. But it is a familiar rule of the law that parties to a fraud will not be permitted to set it up in an action, or gain any advantage from it. As between Shedd, Billings and Bixby, they could not allege that the transaction was

10. ——: fraud: defense: liability of garnishee.

fraudulent, and Shedd cannot shield himself from liability by pleading his own fraud. He would not be permitted to hold property on the ground that he committed larceny to acquire it; nor will he be permitted to escape liability in this case on the ground of his fraudulent acts in concert with Billings and Bixby. The rulings on these instructions are correct.

XII.    The district court gave the following instruction to the jury, which is complained of by counsel for the garnishee: "8. Fraud will not be presumed, but must be proved by the party charging it; and if the facts upon which the charge is predicated are or may be consistent with honesty and purity of intention, then the charge of fraud will fail." This instruction, considered with another directing the jury as to their duty in weighing the evidence in case of conflict, we think fairly presents the rule of the law directing the jury in the discharge of their duty. We think the instructions correct. An instruction asked by counsel for the garnishee, applicable to the same subject, presents a rule not recognized by the law, which would tend to protect frauds. It was rightly refused.

XIII.    It is lastly insisted that the evidence fails to support the verdict. To say the most of the case that can be said, it is one of conflict of evidence, which might leave some minds in doubt. It cannot be said that there is such an absence of evidence as will authorize us to interfere. AFFIRMED.