WILE et al. v. COHN (FARMERS' STATE BANK OF CHARTER OAK, IOWA, Garnishee).

(Circuit Court, S. D. Iowa, W. D. September 17, 1894.)

1. PROCESS—WHAT CONSTITUTES—NOTICE OF GARNISHMENT.

Rev. St. § 915, gives plaintiff, in common-law causes in the United States circuit court, remedies by attachment or other process against defendant's property, similar to those provided by the state statutes. Code Iowa, § 2962, provides that the clerk shall issue the writ of attachment. Section 2967 provides that property of defendant held by a third person may be attached by giving the latter notice of attachment. Section 2975, as amended by Laws 18th Gen. Assem. c. 58, provides that garnishment is effected by informing the supposed debtor that he is attached as garnishee, and leaving written notice not to pay any sum due, or deliver the property, to defendant, etc. There is no provision in the Revised Statutes or Iowa Code requiring either of such notices to proceed from the clerk. *Held*, that a notice to the garnishee is not a "process," within Rev. St. § 911, relating to process, and that such notice in actions in the United States circuit court in Iowa is properly signed by the marshal, and need not bear the seal of such court or the teste of the chief justice of the United States.

2. GARNISHMENT IN STATE COURT—VALIDITY.

Where, in an action pending in a United States court in Iowa, it appeared that in certain actions, aided by live writs of attachment, lately pending in an Iowa state court, the main defendant had been duly notified of pendency of such actions, and also of garnishment proceedings thereunder, and judgments had been rendered against him therein, and that the garnishee had appeared in such actions, and filed his answers therein, submitting himself and the goods in his hands to the jurisdiction of the Iowa court, and judgments were rendered, according to the form of the Iowa statutes, against said garnishee, and condemning to sale property in his hands as belonging to such main defendant, *held*, that irregularities in the garnishment notice served on the garnishee do not affect the validity of the judgments thus rendered against him.

3. SAME.

In garnishment in a United States court in Iowa, against a bank of which J. was cashier, it appeared that J. took possession of defendant's (mortgagor's) stock of goods under a mortgage to the bank, and sold

sufficient goods to· pay the indebtedness held by the bank, which said mortgage had been given to secure; that, while J. was thus in possession of said goods, attachments issued out of an Iowa state court against the property of the mortgagor, and garnishment notices were served on J., and notices thereof also served on main defendant; that such garnishee appeared in the Iowa court, and filed his answers therein. *Held*, that judgments in such Iowa courts condemning to sale the property so in the garnishee's hands were not void because the notice to garnishee required him to appear at a date prior to the first day of the next term of court, instead of on such first day, as required by Code Iowa, § 2979. Padden v. Moore, 12 N. W. 724, 58 Iowa, 703, distinguished. Fanning v. Railroad Co., 37 Iowa, 309, applied.

**4. SAME—NOTICE TO CASHIER OF BANK INSTEAD OF BANK—EFFECT.**
    Nor do the facts that the garnishment notice in the Iowa court was served on the cashier individually, and that the judgment therein was against him, render the bank liable to a subsequent garnishment in the federal court.

Action in attachment by Wile and others against W. Cohn, in which the Farmers' State Bank of Charter Oak, Iowa, was summoned as garnishee. · Garnishee discharged.

Wright & Baldwin, for plaintiffs.
Shaw & Kuehnle and Sims & Bainbridge, for garnishee.

WOOLSON, District Judge.    This is a contest between plaintiffs, attaching creditors, and the Farmers' State Bank of Charter Oak, Iowa, as garnishee defendant.    The parties having filed stipulation, waiving jury, the cause was tried to the court.·

The following facts are by me found as proved herein:    Plaintiffs are citizens and residents of the state of New York, and were at the date hereinafter named engaged as a copartnership in the city of Buffalo, N. Y., in the business of dealers in clothing, etc.    Defendant W. Cohn was in December, 1893, a citizen and resident of the state of Iowa, and engaged at the town of·Charter Oak, Iowa, in the business of clothing merchant.    The garnishee defendant bank is a corporation organized under the laws of the state of Iowa, and doing business at the said town of Charter Oak, Iowa.    Upon December 12, 1892, said Cohn was indebted to said bank in the sum of $950.    The bank cashier on that day demanded of Cohn security for this indebtedness, and thereupon Cohn executed a chattel mortgage upon all his "stock of goods and merchandise, store furniture, and fixtures, of whatever kind," then owned by him, and kept in the building which he was occupying as his clothing store.    The mortgagee is named therein as "D. O. Johnson, cashier, of Charter Oak, Iowa;" and the mortgage is conditioned upon the payment "to the said D. O. Johnson, cashier, his heirs, assigns," etc., of Cohn's two promissory notes, dated December 12, 1892, and described as follows, to wit:    One for $950, payable on demand, 1892; one for $4,000, payable on demand, 1892,—with interest, etc.    The mortgage provided for public sale at auction after five days' notice. The evidence shows that this $950 note was given for the indebtedness due from Cohn to the bank.    It named as its payee "D. O. Johnson, cashier."    The $4,000 note named as payee Harry Cohen.    This last named note was surrendered within a few days after its exe-

cution, and was canceled, leaving the mortgage standing as security for only the said indebtedness to the bank ($950). This mortgage was immediately filed for record, and, on the day following (December 13, 1892), Cohn delivered to said Johnson the key to the store in which was the mortgaged property, and also delivered to Johnson a written agreement or consent that said Johnson should sell the mortgaged property at private sale. On same day, Johnson sold, at private sale, sufficient of said mortgaged property to realize, at 75 cents on the dollar of cost price, the sum of $1,050, thus paying the bank's debt, and leaving, besides, $100, belonging to said Cohn. In December, 1892, and before the commencement of the case at bar, Gilmore & Ruhl, Block Bros., and certain other creditors of said Cohn (including the First National Bank of Omaha) severally instituted their actions against said Cohn in the district court of Crawford county, Iowa, aided by attachment, in each of which actions said D. O. Johnson was served with notice of garnishment; some of said garnishment notices cited him to appear before said Crawford "district court, commencing the 15th day of February, 1893," while others cited him to appear before said court "on the first day thereof, which will commence on February 15, 1893." In the action by said Omaha Bank the notice summoned him to appear on February 20, 1893. On the 1st day of February, 1893, term of said Crawford district court, "to wit, February 20, 1893," said Johnson appeared in each of said actions, and filed his answer as garnishee, admitting the "possession of a remnant of a stock of goods and fixtures, situated in Charter Oak, Iowa, in the storeroom where the defendant formerly conducted business," and which answer contained the following language:

"The goods were mortgaged to me by the defendant, to secure a debt due the Farmers' State Bank of Charter Oak, Iowa, of which I am cashier. By the consent of the mortgagor, I sold goods enough out of the stock to pay the debt due the bank. It was in amount $950. The balance of the goods I now hold, subject to the order of the court."

In each of these actions, except that brought by said bank (in which Cohn appeared by attorney), said Cohn was personally served with notice of the pendency of said action, and also with notice of the pendency of garnishment proceedings, as required by the statutes of Iowa; and, for failure to appear, his default was entered therein, and judgment duly rendered against him for the several claims sued on; and the court found that property of Cohn's, "to wit, a stock of clothing and gents' furnishing goods, situated in Charter Oak, Iowa," was in the hands of the garnishee, and adjudged that said stock be condemned and ordered sold on special execution, etc. Subsequently, these goods were sold, on special execution, issued under these judgments, by the sheriff of Crawford county, for an amount not sufficient to pay the aggregate of said judgments above described; and the proceeds were paid into said Crawford county court, for further order of court thereon. The Omaha bank judgment, condemning and ordering sale of said goods, was rendered May 2, 1893. In each of said other actions, judgment was rendered February 24, 1893.

The action of Wile et al. (case at bar) against said Cohn was commenced in this court December 19, 1892, by filing petition, aided by attachment; and on the next day (December 20th), and subsequent to the said levies in the state court, said attachment was levied by the service of the writ of attachment and notice of garnishment upon the Farmers' State Bank of Charter Oak, Iowa, the notice of garnishment being served on said bank by reading and delivering copy to D. O. Johnson, cashier of said bank. Said notice is in the form generally used in Iowa in like proceedings in the state courts, and is signed by the marshal of this court. Due notice of said garnishment having been given to said Cohn, this cause has now come on for trial upon the answer of said Farmers' State Bank, denying indebtedness to said Cohn and of possession or control of any of his property, and the pleading by plaintiffs filed, controverting said answer of said bank.

The first point to be considered is the plea of the garnishee bank, as set up in its answer, that no legal garnishment has been made herein, for the reason that the garnishment notice is signed by the marshal of this court, and was not issued under the teste of the chief justice of the supreme court of the United States, and does not have the seal of this court attached thereto; in other words, that said garnishment notice is a "process" of this court, and therefore must conform to the requirements of section 911 of the Revised Statutes, relating to process; and, because it does not so conform, it is void, and this court has no jurisdiction over said bank as garnishee herein. The reasoning by which the garnishee seeks to enforce this point is based on the assertion that "a garnishment is, in effect, a suit by the defendant, in the plaintiff's name, against the garnishee;" and Daniels v. Clark, 38 Iowa, 559, is cited as sustaining this position. But a reading of that case disproves the claim. Daniels & Co. had recovered judgment against one Riniger, and garnished Clark, as an alleged creditor of Riniger. Upon the trial the court found the garnishee indebted to Riniger, and rendered judgment accordingly. The case having been appealed to the circuit court, petitions of intervention were filed by persons claiming that the indebtedness from Clark to Riniger had been assigned to them before Clark was garnished; and the main contest was as to the right of the circuit court thus to permit the filings of these intervening petitions. The supreme court sustain the right to so file, and arguendo use the following language:

"The plaintiff occupies, as against the garnishees, the position of the defendant, with no more rights than the defendant had, and liable to be met by any defense which the garnishee might make against any action by the defendant."

And therefore the court conclude that, since Clark was garnished after the indebtedness had been assigned to interveners, Daniels & Co. had no stronger or better right to it, or to appropriate it, under their garnishment of Clark, than Riniger, the debtor, would have had, had he brought suit therefor. This principle, thus applied, is correct beyond question.

The claim of garnishee herein, above stated, is to be applied to the relation of the parties, and to determining the substantial rights existing between them, in a garnishment proceeding. But it cannot be thus applied to the method of proceeding. The method is to be governed by the statutes of the state, in the absence of any specific rule of the court relating thereto. Under section 915, Rev. St., the plaintiff is entitled, in common-law causes in this court, to remedies, by attachment or other process, against the property of a defendant, similar to those provided by the statutes of the state. We turn to these statutes. Section 2962, Code Iowa, provides that the clerk shall issue the writ of attachment, directing the officer to attach the property of the defendant. Section 2967 provides that property of the defendant which is held by a third person may be attached, by giving the defendant and such third person notice of attachment; and debts due to a third person are attached by garnishment thereof. Section 2975, as amended by chapter 58, Laws 18th Gen. Assem., provides how garnishment is to be effected, viz. by informing the supposed debtor or person holding the property that he is attached as garnishee, and by leaving with him a written notice to the effect that he is required not to pay any debt due, or thereafter to become due, by him to defendant, and that he must retain possession of all property of defendant then or thereafter in his custody or under his control, etc. And section 2979 further provides that, unless exempted under other sections of the Code, the notice must also require the garnishee to appear on the first day of the next term of the court where the main action is pending; while section 2983 provides for payment to garnishees, generally, of the per diem and mileage, by statute, payable to witnesses. We must apply these Code provisions to an action instituted in this court, as required by section 915, Rev. St. The clerk of this court issues the writ of attachment,—the process of this court,—which, under section 911, Rev. St., is to bear the teste of the chief justice, and have affixed thereto the seal of this court. This writ directs the marshal of this court to "attach the property of defendant," etc. Where goods are in the possession of a third person, the attachment is served or levy made thereunder by notice to defendant and such third person, while debts due from a third person and property in third person's hands are attached or levied upon by garnishment; that is, by notice thereunder, as provided by section 2975, Code Iowa. Now, there is no provision of the Revised Statutes nor of the Iowa Code requiring either of these notices to proceed from the clerk. Indeed, the spirit of the Code provisions, as well as their letter, contemplates that the sheriff, or officer holding the process which the clerk has issued, shall give these notices; and the uniform practice in the state courts in Iowa conforms to this construction; and in giving such notice, the sheriff, or other officer having the writ of attachment, affixes his own signature to the garnishment notice he is thus required to give. In other words, these notices become and are simply and merely *a part of the levy* which the officer makes. When he is attaching property so sit-

uated, in accordance with and under the requirements of the process or writ of attachment which he holds, such notices are "matters pertaining to the execution of the writ." Stove Co. v. Shedd, 82 Iowa, 542, 48 N. W. 933. And since the notice is to be given by the officer, and, as a part of the levy he is making, why require that the officer shall have this notice signed by the clerk, and bear the teste of the chief justice? These considerations, as well as the uniform practice heretofore obtaining in this court, and which is based on the uniform practice in the state courts of Iowa, justify the conclusion that the notice of garnishment which is given by the officer who is executing a writ of attachment is not a "process," within the meaning of section 911, Rev. St.; and that the notice of garnishment herein was not required to bear the teste of the chief justice of the United States, or the seal of this court, and same was properly signed by the marshal.

Plaintiffs urge with much force that the garnishment proceedings above described, in the district court of Crawford county, Iowa, were and are of no force and effect as against these plaintiffs' garnishment herein; that in all of these cases, instead of garnishing the Farmers' State Bank of Charter Oak, Iowa, which, as plaintiffs insist, was in possession of the property under the chattel mortgage to said bank (or to "D. O. Johnson, cashier"), the attaching plaintiffs in the state court garnished "D. O. Johnson." In other words, the possession of Johnson, in so far as he was in possession, was simply the possession of the bank; and that, since the Iowa statutes require the garnishment of the person in possession of the goods, garnishment notice must be given to such person in possession, which in this case was the Farmers' State Bank; and since in none of said cases was said bank garnished, in accordance with the Iowa statutes, while in the case at bar such bank was so garnished, the garnishment herein, though at a later date than those in the state court, is the only valid garnishment. The evidence is without contradiction that the defendant Cohn (mortgagor) gave the key of the storeroom in which were his mortgaged goods to D. O. Johnson, and also gave him written consent to sell the goods at private sale; that Johnson did sell at private sale some of the goods, and whose proceeds met the debt to the bank of which he was cashier; that, after such sale, Johnson retained the key, and had the remainder of the goods in his possession and under his control, which he exercised in different ways; that he rendered to the sheriff a bill for his services as custodian of said unsold goods; and that, after garnishment, Johnson submitted these goods to the jurisdiction of the Crawford district court, in the garnishment proceedings therein pending, for its judgment thereon, which judgment said court rendered, finding said goods to be in possession of said garnishee, D. O. Johnson, and condemning same to sale as the property of said defendant Cohn.

Plaintiffs present the further point, which we may consider in connection with the point just above named, that all of said garnishment notices in the state court, except that of the Omaha bank, notify the garnishee to appear at a date prior to the first day

of the next term of said court, and are therefore not in accordance with the Iowa statutes, and are invalid, and the judgments thereunder void as to these plaintiffs, who were not parties to these actions.

Let it be here noted that the validity of the said judgments of the state court in the cases above described is not attacked, save in the particulars above just enumerated. By section 2979 of Code of Iowa it is provided, when the sheriff is not directed to take answer of garnishee (section 2980), that the notice must require the garnishee to appear on the first day of the next term of the court wherein the main cause is pending, etc. A portion of the garnishment notices complained of use this phraseology, in citing the garnishee to appear: "To appear in said Crawford district court on the first day thereof, which will commence on February 15, 1893." Without delaying to consider whether this phraseology is, in legal effect, the same as that of the other notices, which cite the garnishee "to appear at said court on February 15, 1893," without using the additional words found in the preceding quotation, I shall, for the purpose of this case, consider them as of the same effect, since the conclusion reached must be the same, whether these are of same or different effect in the particular just noted.

Counsel do not disagree in the general proposition that garnishment is in the nature of a proceeding in rem, and that in all proceedings in rem the thing against which proceedings are directed must be brought within the jurisdiction of the court by a virtual seizure thereof. McDonald v. Moore, 65 Iowa, 171, 21 N. W. 504; Gage v. Maschmeyer, 72 Iowa, 696, 34 N. W. 482. As requisite to this jurisdiction, there must exist at the time a live writ or process under which the garnishment is attempted. The authorities very generally hold that merely voluntary acceptance by the garnishee of notice of garnishment is a nullity, as against attaching creditors, in whose suits jurisdiction is regularly obtained by the service of process. 2 Wade, Attachm. § 336, and cases cited; Edler v. Hasche, 67 Wis. 653, 31 N. W. 57; Steen v. Norton, 45 Wis. 417; Desha v. Baker, 3 Ark. 509; Rock v. Singmaster, 62 Iowa, 511, 17 N. W. 744. Under the Iowa statute (section 2975, Code, as amended by chapter 58, Laws 18th Gen. Assem.), the statutory notice to main defendants of the fact of garnishment proceedings having been instituted is essential to the jurisdiction of the court over the alleged indebtedness, attempted to be garnished. Williams v. Williams, 61 Iowa, 615, 16 N. W. 718. We must bear in mind, however, as stated by Wade (Attachm. § 336), that "the doctrine as to the voluntary service and waiving irregularities is so completely under statutory control that there is no common ground upon which conflicting authorities may be brought to the test of principle." The supreme court of Iowa has had occasion to consider some of the elements relating to irregularities, etc., in garnishment proceedings, and what effect voluntary appearance and answer by garnishee have thereon. When we attempt to consider the alleged invalidity of the garnishment proceedings in the Crawford district court, these Iowa decisions are controlling, in so far as they bear upon such pro-

ceedings. Plaintiffs contend that such proceedings are void as to garnishment attempted in case at bar. These proceedings were attempted under statutes of Iowa, wherein judgments were rendered adjudging that property of the main defendant was in possession of the person who had appeared and answered as garnishee, and condemning same to sale; and thereafter, upon proceedings had in pursuance of the statute, such property was sold on special execution, issued pursuant to said judgment. Manifestly, therefore, the decisions of the supreme court of Iowa, if such decisions exist and are applicable, ought in this court to be the test—the rule to be followed—in determining the validity of such judgments.

As to said proceedings in the state court, the evidence conclusively establishes as to each case (1) that a writ of attachment issued pursuant to the Iowa statute; (2) that under such writ garnishment notice was served upon D. O. Johnson; (3) that garnishee Johnson appeared in such suit, and filed his answer, admitting having in his possession property of the main defendant; (4) that the state court found that notice had been served, according to statute, upon defendant Cohn, of commencement of action and of pendency of garnishment proceedings (except in Omaha Bank Case, where Cohn appeared by attorney); (5) that the court adjudged the property in the hands of the garnishee to be the property of the main defendant, Cohn, and condemned same to sale, and proceeds to be applied towards satisfying judgment rendered therein against the main defendant, Cohn, on the indebtedness sued on; (6) and that, under such special execution, said goods have been sold, according to the method provided by the Iowa statutes, and the proceeds of sale have been paid into that court, in accordance with said judgments. In the cases where the notice to garnishee specially cited him to appear at a day other than when the court was in session, and at a date specified, which was prior to and was not the first day of the next term,—and this applies to all the cases except that of the Omaha Bank,—is the judgment against garnishee, and condemning the property to sale, invalid, under the facts above found as established by the evidence? Padden v. Moore, 58 Iowa, 703, 12 N. W. 724, was a case wherein judgment against the main defendant was rendered. Thereupon, and during the same term of court, execution was issued on said judgment, and, under same, plaintiffs were served with notice of garnishment, citing them to appear at a later day of same term and answer, etc. On the day named, the garnishees appeared, but the court was not in session. They understood that court had adjourned for the term, and so returned home. But court had merely adjourned to a subsequent day. On reconvening of court, and upon the application of judgment creditor, a commissioner was appointed to take the answers of the garnishees on a day fixed by the court therefor. The garnishees not appearing on that day, the commissioner reported that fact to the court. At the next term, default was entered against them. Subsequently, notice, under the Iowa statute, was served on garnishees, to show why execution should not issue against them. The attorney for gar-

nishees presented to the clerk of the court a showing why execution should not issue; but, instead of filing this showing, the attorney took it home with him to another town. The court ordered execution to issue, and the garnishees brought this action to enjoin the sale of garnishees' property, levied on under such execution. The reason pressed was that the court had no jurisdiction of the garnishees at time of rendition of judgment against them, and that, therefore, such judgment was void. The supreme court passed over all other objections, and decided the case on the sole point that the garnishment notices did not cite garnishees to appear on "the first day of the next term," as required by the Iowa statute (section 2979, Code, supra), and that, "this peremptory provision of law" having been disregarded, the court had no jurisdiction over the garnishees, under the facts shown, at time of rendition of judgment. The court then proceed to inquire "whether the court at any subsequent stage of the proceedings acquired jurisdiction of the garnishees;" and this they decide in the negative, and reverse the decree of the court below which had dismissed the bill brought by the garnishees. Thus far the action of the supreme court favors the contention of plaintiffs herein; but the facts in that case and in case at bar are dissimilar in many points. We turn to the argument on which the decision reached is based to ascertain the mind of the court. In deciding the first point, wherein they find that the judgment is void, because no statute of Iowa required the garnishees to appear at the date fixed in the notice served on them, the court call attention to the fact that "there was no voluntary appearance [by garnishees] on the day fixed in the notice. None of the steps necessary to make an appearance were taken [by garnishees]." And, in considering the second point,—as to whether jurisdiction was subsequently acquired over garnishees,—the court declare that the showing by garnishee why execution should not issue was not an appearance by them to the proceeding, because it did not constitute an "appearance," as defined by section 2626 of the Code. The opinion does not affirmatively declare that an appearance and answer by the garnishees would have conferred jurisdiction. The case before them did not require that point to be affirmatively passed upon. But a careful reading of the opinion can lead to only one conclusion as to how the court would have held on this point had its decision been necessary in disposing of the appeal, and as to the mind of the court in that particular. That the argument of the court in the case just considered is general may perhaps be partially accounted for by considering its action in a previous case,—Fanning v. Railroad Co., 37 Iowa, 379. Fanning brought suit against defendant for services as its chief engineer, and recovered judgment in the circuit court of Polk county, Iowa. Upon execution issued thereunder, the sheriff served one Reddish with garnishment notice, and took his answer, as provided by the Iowa statute. Upon this answer, judgment was rendered against the garnishee. Subsequently, the main defendant filed its motion to set aside the judgment against the garnishee, for the following, among other, reasons: Because it was rendered without authority

of law, and the court had no jurisdiction to render the same. The notice to Reddish of his garnishment cited him to appear in the district court (instead of the circuit court, wherein the main judgment had been rendered, and from which the execution had issued) of Polk county, Iowa, on the first day of the term, etc.; and it was contended that this gave the circuit court no jurisdiction over the garnishee. The Iowa supreme court do not delay to state extended reasons for the decision which they reach, but dispose of the matter in these words:

"The answer of the garnishee, taken by the sheriff, was returned into the circuit court from whence the execution issued. The court found, upon that answer and the proofs offered in the case, that he was indebted to defendant in the sum of $333.15, and rendered a judgment accordingly. The jurisdiction of the court over the garnishee was complete, and the fact that a notice was served on him to appear and answer interrogatories in the district court did not affect the power of the circuit court to enter judgment against him. For the reasons above stated, and the additional ones that the garnishee does not complain of the judgment against him, and it is not alleged that the judgment against the defendant is unjust, in whole or in part, the order of the circuit court overruling appellant's motion must be affirmed."

What were the facts which made the "jurisdiction of the court over the garnishee complete," as decided by the court? Jurisdiction against the main defendant, service of a live writ of attachment upon the garnishee (though the notice forming a part of said service was defective), and the filing of the answer of garnishee in the court where the main action—rather judgment thereunder—existed. In the cases determined in the Crawford district court, instead of an answer by the garnishee taken by the sheriff being filed in the court, the garnishee personally appeared, and, filing his answer, submitted to the jurisdiction of the court himself and the property over which he then had and exercised actual control. We have, then, in each of these cases, a live writ served, the main defendant duly notified, judgment against such defendant, attempted service on garnishee of notice of garnishment, the appearance of the garnishee in court, himself and the property submitted to the jurisdiction of the court, and judgment against garnishee under the forms required by the Iowa statutes; and, since the property over which garnishee had and exercised rightful control was submitted to the jurisdiction of the court, the irregularity, if one existed, in the garnishment notice, becomes immaterial.

Had the main defendant, Cohn, appeared in those cases in the Crawford court, and as in the Fanning Case, supra, moved the court to set aside the judgments rendered against the garnishee, can it be doubted that the Crawford district court, acting in the line of the above-cited decisions of the supreme court of Iowa, must have overruled the motion, and left these judgments standing in full force? And if such must have been the action of that court, with the main defendant attacking those judgments, how could its action have been different if the plaintiffs in case at bar had obtained standing in those cases, and had attacked the jurisdiction of that court over the garnishee, and the validity of the judgments rendered therein? If these plaintiffs, as garnishing

creditors of defendant Cohn, in enforcing their garnishment, are pressing a "suit which is in effect a suit by the defendant [Cohn], in plaintiff's name, against the garnishee," so far as existing relations and substantial rights of parties are concerned (Daniels v. Clark, supra), the state court could not have reached a different conclusion upon plaintiffs' attack from what it must have reached upon an attack by the main defendant himself; and especially if the proceedings attacked be viewed in the light of section 2528 of Code of Iowa, which provides:

"The rule of the common law that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions, and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

The action which the state court would be required to take must be taken by this court in case at bar. Liability against a garnishee is never presumed, but must be affirmatively shown. Letts, Fletcher & Co. v. McMaster, 83 Iowa, 449, 49 N. W. 1035. The garnishee is not to be placed in a worse position than he would have been in had the claim for which he is garnished been enforced against him directly. Henry v. Wilson, 85 Iowa, 60, 51 N. W. 1157.

The views above expressed necessarily lead to the discharge of the garnishee, the Farmers' State Bank of Charter Oak, Iowa. Let judgment be entered accordingly. To which plaintiffs at the time duly excepted.