GILMORE & RUHL v. W. COHN, Defendant, D. O. JOHNSON, Garnishee, THE FIRST NATIONAL BANK OF OMAHA, Intervener, Appellants.

**Garnishment:** DEFECTIVE NOTICE: *Waiver.* A garnishee waives the defect in a notice requiring him to appear on a specified day before the first day of the next term of court instead of on such first day, as required by Code, section 2979, by voluntarily appearing and answering, although on the condition that the priority between such claim and others subsequently served shall be settled at a future time, and that no rights or claims are waived by taking the answer.

*Appeal from Crawford District. Court.*—HON. G. W. PAINE, Judge.

MONDAY, MAY 17, 1897.

THIS is a contest between certain attaching creditors over their respective priorities to a fund now in the hands of the clerk of the Crawford county district court, arising from the sale of certain goods belonging to their joint debtor, Cohn, one of the defendants in this action. Plaintiff's attachment was first in point of time, but the intervener, the First National Bank, of Omaha, claims that it is entitled to priority, for the reason that plaintiff's attachment, which was served by garnishing one D. O. Johnson, a mortgagee in possession, notified him to appear at a time when no court was in session. The court below found against the intervener, and the intervener appeals.—*Affirmed.*

*J. P. Connor* and *Byers & Lockwood* for appellant.

*Shaw & Kuehnle* for appellees.

DEEMER, J.—The notice of garnishment served on Johnson, under plaintiff's writ of attachment, cited the garnishee to appear before the district court in and for Crawford county, commencing·on the fifteenth day of February, 1893. The notice served under the writ issued in the intervener's case, cited the garnishee to appear at the said court on the first day thereof, which commenced on the twentieth day of February, 1893. Appellant contends that, as the notice of garnishment served in appellee's case notified the garnishee to appear at a time when no court was in session, no jurisdiction was obtained of the garnishee, and that its attachment, if of any validity, must be postponed to that of appellant. It should also be stated that the garnishee appeared on the first day of the February, 1893, term of said court, and his answers were then taken by agreement of the parties, upon this condition: "That the priority of the several claims should be settled at a future time, and that neither party, by the taking of the answer at that time and place, waived any rights or claims they had on the fund."

The question for our determination involves a construction of the statutes with reference to garnishment. The material sections of the Code relating to this subject are as follows: Section 2975: "The attachment by garnishment is effected by informing the * * * person holding the property that he is attached as garnishee, and by leaving with him a written notice to the effect * * * that he must retain possession of all property of * * * defendant then and thereafter being in his custody in order that the same may be dealt with according to law. * * *"

Section 2979: "Unless exempted as provided in the next section the notice must also require the garnishee to appear on the first day of the next term of the court wherein the main cause is pending  *  *  *  and answer such interrogatories as may be then propounded to him, or that he will be liable to pay the entire judgment which the plaintiff eventually obtains against the defendant." The next section provides that when the plaintiff, in writing, directs the sheriff to take the answers of the garnishee, the sheriff shall put to him certain questions set out in the section; and the following section provides, in substance, that if the garnishee refuses to answer these questions fully and unequivocally, he shall be notified to appear and answer on the first day of the next term of court, and that he may be so required in any event if the plaintiff so notify him. Section 2984 provides that if, when duly summoned, he fails to appear and answer the interrogatories put to him, without sufficient excuse for his delinquency, he shall be presumed to be indebted to the defendant to the full amount of plaintiff's demand, and shall be dealt with accordingly. Following this is a section (2985) which says that for mere failure to appear he is not liable to pay the amount of plaintiff's judgment until he has had an opportunity to show cause against the issuance of an execution. A further provision relating to the whole chapter with reference to attachment and garnishment is to this effect: That the chapter shall be liberally construed, and that no attachment shall be quashed, dismissed, or released, if the defect in any of the proceedings has been or can be amended so as to show that a legal cause for the attachment existed at the time it was issued. Now, we have held in a number of cases that a proceeding by garnishment is in the nature of a proceeding *in rem*, and that for certain purposes, at least, a lien upon the *res* is created by the service of notice of

garnishment. The *res* in this case was the property
in the hands of the garnishee; the proceeds of which
were afterwards turned over to the clerk, and now con-
stitute the fund in controversy. *Gage v. Maschmeyer*,
72 Iowa, 696 (34 N. W. Rep. 482). *McDonald v. Moore*,
65 Iowa, 171 (21 N. W. Rep. 504); *Fanning v. Railroad Co.*,
37 Iowa, 379; Rood, Garnishment, section 5, 193; Shinn,
Attachment and Garnishment, section 467. Garnish-
ment is also, in effect, an action by the defendant,
against the garnishee in the name of and for the benefit
of the plaintiff, and the garnishee may be made person-
ally liable. *Citizens State Bank v. Council Bluffs Fuel
Co.*, 89 Iowa, 618 (57 N. W. Rep. 444); *Mooar v. Walker*,
46 Iowa, 164; *McConnell v. Denham*, 72 Iowa, 494 (34
N. W. Rep. 298); *Clark v. Raymond*, 86 Iowa, 661
(53 N. W. Rep. 354). In the case of *Padden v. Moore*,
58 Iowa, 703 (12 N. W. Rep. 724), a garnishee was
notified to appear on the ninth day of the October
term of the Winneshiek county district court. On
that day the garnishee went to the county seat,
intending to make answer. Court was not in session,
but had adjourned. Being advised of this fact, the
garnishee returned to his home, and gave the matter
no further attention. Upon re-convening, the court
appointed a commissioner to take the answers of the
garnishee, and a day was appointed for him to answer.
The garnishee did not appear, and the commisioner so
reported. At the following March term the court
rendered judgment against the garnishee on his
default. Thereafter a notice was served on the gar-
nishee to show cause why execution should not issue.
Garnishee made a showing, but for some reason it did
not reach the court. Execution having been issued
and levied upon certain chattels of the garnishee, he
brought suit to enjoin the sale on the ground that the
judgment against him was without jurisdiction, and
void. A decree was entered dismissing the petition.

The garnishee appealed to this court, and the decree
was reversed on the ground that the court had no
jurisdiction of the person of the garnishee. The case
is made to turn expressly upon the thought that the
court below had no jurisdiction of the person of the
garnishee, and the fact that the garnishee alleged that
he was in no manner indebted to the execution
defendant at the time the notice of garnishment
was served upon him was regarded as material. Impor-
tance was also given to the fact that the garnishee did
not appear in response to the notice. We held: *First*,
that the garnishee was not obliged to respond to such a
notice, for the reason that the statute requires that plain-
tiff cite the garnishee to appear at the first day of the
next term of court; *second*, that he did not appear, and
that the court had no jurisdiction to render a personal
judgment; and, *third*, that, as he alleged he was not
indebted to the execution defendant, the burden was
upon the plaintiff to show that he was. The case dif-
fers in many important respects from the case at bar.
Here the garnishee appeared, and submitted himself
to the jurisdiction of the court, and he also admitted
that he had certain property in his hands belonging
to the attachment defendant. The court had juris-
diction of his person. The only other question is, did
it have jurisdiction of the *res?* Turning to the first
section of the Code quoted above, it will be seen that
the appellee did everything that was necessary to
effectuate the garnishment, so far as the property was
concerned. It did not, it is true, direct the sheriff, in
writing, to take the answers of the garnishee, nor did
he in fact do so. It did, however, notify the garnishee
to appear on February 15, to make answer, and
further cited him to hold all property of the attach-
ment defendant in his custody, in order that it might
be dealt with as provided by law. We have held that

notice in writing is not essential when the sheriff takes the answers of the garnishee under section 2980. *Stove Co. v. Shedd*, 82 Iowa, 540 (48 N. W. Rep. 933). And we have also said that delay in taking the garnishee's answer will not be a ground for his discharge. *Boyer v. Hawkins*, 86 Iowa, 40 (52 N. W. Rep. 659). Yet further, in the case of *Fanning v. Railroad Co., supra*, it appeared that an execution issued from the circuit court, and the garnishee was cited to appear at the district court. He had, however, made answers to the sheriff under Code, section 2980, and these answers were filed in the circuit court, and judgment rendered thereon. Under such a state of facts we held the judgment good. It seems to us, in view of these holdings, that the notice referred to in section 2979 is not essential to jurisdiction of the *res*, but is a prerequisite to a valid personal judgment against the garnishee, unless he voluntarily waive it by appearing in court, and submitting himself to its jurisdiction. The notice referred to in section 2975 is essential to jurisdiction in *rem*, and of course cannot be waived. *Williams v. Williams*, 61 Iowa, 615 (16 N. W. Rep. 718); *Rock v. Singmaster*, 62 Iowa, 511 (17 N. W. Rep. 744); *Edler v. Hasche*, 67 Wis. 653 (31 N. W. Rep. 57); Rood, Garnish., section 271, and authorities cited. The lower court did not err in holding that it had jurisdiction of the *res*; that the garnishee waived the defect in the notice given him by voluntarily appearing and answering; and that plaintiffs' garnishment, being first in point of time, was first in right. We have support for our conclusions in the following, among other, authorities: *Westphal v. Clark*, 42 Iowa, 371; *Stockberger v. Lindsey*, 65 Iowa, 471 (21 N. W. Rep. 782); *Houston v. Walcott*, 1 Iowa, 86; *Hearn v. Adamson*, 64 Ga. 608; *Wellover v. Soule*, 30 Mich. 481; *Dittenhoefer v. Clothing Co.* (Wash.) 30 Pac. Rep. 660;

*Howland v. Jenel* (Minn.) 56 N. W. Rep. 581; *Wickam v. Lumber Co.* (Wis.) 61 N. W. Rep. 287. The judgment of the district court is AFFIRMED.