Fritzler et al. v. Robinson.

FRITZLER ET AL. V. ROBINSON.

1. **Practice in Supreme Court**: TRIAL DE NOVO WHERE CAUSE TRIED
   AS EQUITABLE ACTION BELOW. Where by the tacit consent of all par-
   ties a cause has been tried and determined below as an equitable action,
   and the evidence is properly certified, it will be tried *de novo* in this
   court;—following cases cited in opinion.

2. **Equity**: REFORMATION OF WRITING: EVIDENCE NECESSARY. Before
   a court can disturb the provisions of a written agreement for the pur-
   pose of reforming it, there should be clear and convincing evidence (1)
   that the written instrument did not, at the time of its execution, set
   forth the intent of the parties, and (2) that the failure to make the
   instrument express such intent arose from mistake or oversight in draft-
   ing it;—and such evidence was wanting in this case.

3. ———: MUTUAL MISTAKE AS TO EXISTENCE OF CONSIDERATION. Where
   a lease of supposed coal land for mining purposes was executed, delivered
   and received under the mutual belief that there was coal underlying the
   premises, and that the same could be mined, but it was clear from the testi-
   mony, in an action to recover the stipulated rent, that there was no coal
   there, *held* that there was a total failure of consideration, arising out of
   the mutual mistake, and that equity would grant relief and defeat a
   recovery by the lessor.

*Appeal from Keokuk Circuit Court.*

TUESDAY, DECEMBER 21.

ACTION on an agreement for a lease of coal land. Judg-
ment for plaintiff. Defendant appeals.

Plaintiff and wife, being owners and occupants of certain
real estate, executed a coal lease therefor to the defendant in
consideration of the payment of five cents per ton royalty
for coal mined, or $300 per year, provided the royalty did not

amount to that sum, and also the right to have coal for home consumption. Plaintiff brought this action for the recovery of $300 for the first year, and $25 for failure to deliver coal for home use. Defendant answered, denying indebtedness, and setting up as an equitable defense that both parties at the time believed that there was coal under the land, but that it was subsequently ascertained that there was no coal; also that it was the intention of the parties to the lease, and intended to be written therein, that the defendant and his assignees should have the right to prospect on the premises for coal, and, if there was no coal, then no royalty was to be paid. Defendant asks that the contract be reformed to agree with such intention. The answer also recites that it was understood between the parties that the lease should be assigned to the Novelty Coal Company; that it was given and received with that understanding, and was so assigned. Judgment for plaintiff for damages assessed at $347.40. Defendant appeals.

*Mackey & Fonda*, for appellant.

*Sampson & Brown*, for appellees.

ROTHROCK, J.—A question is raised as to the manner in which this cause is to be tried in this court;—whether upon errors, or *de novo* on the evidence, which has been reduced to writing.

**1. PRACTICE in supreme court: trial de novo where cause tried as equitable action below.**

It appears from the record that the whole of the evidence was reduced to writing on the hearing, which was had before the court, and, by an order entered in the case, the evidence was taken down by the official short-hand reporter, was made a part of the record, and on the evidence then introduced the case was taken under advisement to be argued in vacation, and judgment and decree entered in vacation. This order was made at the March term, 1885; both parties being present. At the September term of the same year the cause was continued by

consent, for the reason, as stated in the order, that the record had not been submitted to the court.  At the term held in February, 1886, the cause was resubmitted and taken under advisement, and judgment and decree to be entered in vacation.   It is apparent from the record that the cause was tried below as an equitable action, and it must be so tried here. *Van Orman v. Merrill*, 27 Iowa, 476; *Balch v. Ashton*, 54 Id., 123; *Richmond v. Dubuque & S. C. R. Co.*, 33 Id., 422; *Blough v. Van Hoorebeke*, 48 Id., 40.  The evidence having been certified as required by law, we shall therefore proceed to consider the case as triable *de novo* in this court.

The appellant insists that the court erred in sustaining a motion to strike out a part of an amendment to the answer, but a careful examination of the pleading convinces us that the portion struck out might be regarded as redundant; and we think the motion was properly sustained.

The first branch of the equitable defense set up by the defendant is that the contract in question does not express the true intent of the parties, but that the design was to put into the agreement " that defendant, or his assignees, should have the right to prospect said land, and see if there was any coal thereunder, and, if it was proven there was not, there should be no royalty or money paid;" that this was the intention at the time the contract was made, but that it was " omitted from the written agreement by mistake or oversight.   Defendant therefore asks that the written agreement or conveyance be reformed so as to express the real intent of the parties at the time, as indicated above."   It is an old and well-established rule that, before a court can disturb the provisions of a written agreement for the purpose of reforming it, there should be clear and convincing evidence (1) that the written instrument did not, at the time of its execution, set forth the true intent of the parties; (2) that the failure to make the instrument express such intent arose from oversight or mistake in drafting the instrument.

2. EQUITY: reformation of writing: evidence necessary.

It does not seem to us clear from the evidence that there was any intent, at the time of the execution of the writing, that any such provision as claimed by defendant was intended to be inserted. On the contrary, all the negotiations proceeded in the belief that there was coal on the premises, and the writing was drawn in accordance with such negotiations. There was not sufficient evidence to warrant the court in disturbing the provisions of the contract.

It appears very clear, however, from the evidence, that the lease or conveyance was executed, delivered and received under the belief that there was coal underlying the premises, and that the same could be mined. It is equally clear from the testimony that there is no coal there. The lease was therefore entered into by the parties through a material honest mistake of fact, of vital importance to the validity of the contract. Both parties were dealing in regard to something they supposed to be in existence so far as either had any knowledge. Against such a mistake equity will grant relief. 1 Story, Eq. Jur., 142–144; *Allen v. Hammond*, 11 Pet., 63 (70); 2 Kent, Comm. (10th Ed.,) 643. There being, therefore, a total failure of consideration arising out of mutual mistake, the plaintiff is not entitled to recover of the defendants.

*3. ——: mutual mistake as to existence of consideration.*

REVERSED.