Edler vs. Hasche and wife, imp.

See note to this case in 31 N. W. Rep. 306.— REP.

===============

| 67 | 653 |
|----|----|
| 78 | 137 |
| 67 | 653 |
| 84 | 601 |
| 67 | 653 |
| 89 | 27 |
| 67 | 653 |
| 94 | 51 |

EDLER, Appellant, vs. HASCHE and wife, imp., Respondents.

*December 18, 1886 — January 11, 1887.*

*(1) Garnishment: Justice's court: Jurisdiction: When garnishee summoned to appear. (2, 3) Void order no justification to garnishee: Unauthorized delivery of mortgage and satisfaction: Cancellation. (4) Assumption of mortgage debt by purchaser: Garnishment. (5) Waste: Removal of building from mortgaged premises: Lien on land to which it is removed.*

1. In justice's court unless the garnishee is summoned to appear on the return day of the summons or attachment in the action, the justice acquires no jurisdiction in the garnishment proceedings, even though the garnishee voluntarily appears therein.

2. An order made without jurisdiction is no justification to a garnishee for delivering property contrary to the instructions of the owner.

3. Where a note, mortgage, and satisfaction piece were placed by the mortgagee in the hands of a register of deeds with instructions to

deliver them on payment, but were delivered into court by the register in pursuance of a void order made in garnishment proceedings, and the satisfaction was afterwards recorded, the mortgagee may have such satisfaction canceled of record.

4. A mere agreement to pay the mortgage debt, by a person purchasing land subject to a mortgage, does not create an indebtedness from him to the mortgagee which is subject to garnishment in an action against such mortgagee, unless the mortgagee had agreed to accept such purchaser as his debtor. And if such purchaser is garnished he should not in his answer admit an absolute debt, but should state all the facts.

5. A purchaser of land subject to a mortgage, who removes a building therefrom to other lands belonging to him, thereby rendering the security inadequate, is guilty of waste and is liable, in case of deficiency, for the value of the building so removed. [Whether the mortgagee would be entitled to a lien upon the land to which such building was removed, not determined.]

APPEAL from the Circuit Court for *Marathon* County.

April 10, 1884, at Sheboygan, Wis., the defendant Brandt executed to the plaintiff a note for $400, payable November 15, 1884, and a mortgage to secure the same, on lands in Marathon county. About two weeks later Brandt sold the mortgaged premises to the defendant *Hasche*, and they thereupon wrote a joint letter to the plaintiff, stating the fact of such sale and that *Hasche* would pay the mortgage if the plaintiff would send the note, mortgage, and satisfaction to August Schmidt, the register of deeds for Marathon county. The plaintiff accordingly sent the note, mortgage, and a satisfaction properly executed, to Schmidt, with instructions to deliver them upon payment to him of the amount due. Before such payment and delivery had been made, actions were commenced against the plaintiff, before J. X. Brands, a justice of the peace in Marathon county, by one Zimmerman and one Ebert, and the defendant *Hasche* was garnished therein, and an attempt was made to garnish Schmidt. The facts relating to such garnishment proceedings are stated in the opinion. On July 18,

1884, judgment was rendered against *Hasche*, as garnishee, in the Zimmerman action for $105.86, and in the Ebert action for $181.33; and Schmidt was ordered to deliver into court the papers sent to him by the plaintiff. *Hasche* paid over to the justice the amount due on the note, and the justice delivered to him the note, mortgage, and satisfaction which Schmidt had given to the justice in pursuance of the order above mentioned, and *Hasche* had the satisfaction recorded. The justice thereupon paid to Zimmerman and Ebert the amounts of their judgments, and sent to the plaintiff the balance of the sum paid by *Hasche*.

This action was brought to have the satisfaction canceled of record, to compel the defendants to deliver back to the plaintiff the note, mortgage, and satisfaction, and to pay damages suffered by him by reason of their alleged fraud in having conspired with Zimmerman and Ebert to get possession of said papers and defraud the plaintiff by the pretended garnishment proceedings; also to foreclose the mortgage, and for damages caused by the removal of a building from the mortgaged premises by the defendant *Hasche*, which damages, it is alleged, are equal to the sum due on the mortgage. Judgment is also prayed making the mortgage a lien upon the premises to which such building was removed, to the extent of the value of such building.

The circuit court found that the defendants acted without fraud and in good faith towards the plaintiff in all the transactions above stated; that it was agreed between the plaintiff and the defendant *Hasche* that the latter was to pay and the plaintiff was to accept the principal and interest on the note before maturity; and that the papers were sent to Schmidt in pursuance of such agreement; that the proceeds of the note and mortgage were applied in good faith to the payment of valid debts of the plaintiff to the amount of $287.19, and the balance was sent to and received by the plaintiff; that the plaintiff had due and sufficient

actual notice of all the proceedings, and ample opportunity to appeal therefrom or to make appearance in the court where said proceedings were had; and that the plaintiff had an adequate remedy at law for all the matters complained of.

As a conclusion of law, the court found that the complaint should be dismissed. From the judgment entered accordingly the plaintiff appealed.

*Neal Brown*, for the appellant, argued, *inter alia*, that *Hasche* could not be the debtor of the plaintiff until the latter had notice of his agreement to pay the mortgage and had agreed to accept him as a debtor. Even if the plaintiff could have sued *Hasche*, garnishment would not lie. *Huntly v. Stone*, 4 Wis. 91; Drake on Attach. secs. 457, 485, 545; *Lewis v. Dubose*, 29 Ala. 219. The indebtedness, if any, was on a negotiable note, and not subject to garnishment. *Sheets v. Culver*, 14 La. 449; R. S. sec. 2769; *Davis v. Pawlette*, 3 Wis. 300; *Mason v. Noonan*, 7 id. 609. A garnishee who does not defend the proceedings cannot plead them in bar of a subsequent action brought by the principal defendant. *Adams v. Filer*, 7 Wis. 306; *Laidlaw v. Morrow*, 44 Mich. 547; *Conner v. Allen*, 3 Head, 418; *Pierce v. C. & N. W. R. Co.* 36 Wis. 283; *Winterfield v. M. & St. P. R. Co.* 29 id. 589; *Welker v. Hinze*, 16 Ill. App. 326. Nor can a garnishee waive a jurisdictional defect. *Raymond v. Rockland Co.* 40 Conn. 401; *Harmon v. Birchard*, 8 Blackf. 418; Drake on Attach. sec. 696.

For the respondents the cause was submitted on the brief of *Carl H. Mueller*.

COLE, C. J. We are clearly of the opinion that the plaintiff is entitled to have the satisfaction of the mortgage in question canceled of record. It was wrongfully placed upon the record in the first instance. This satisfaction, with the mortgage and note, was sent by the plaintiff to Schmidt, with instructions to deliver them upon payment

of the mortgage debt. Schmidt had no right or authority to deliver them up to any one, except upon the performance of this condition. If he did so, he acted in his own wrong. It is claimed that he delivered these securities and the satisfaction over to Justice Brands, in pursuance of the order of the justice in certain garnishee proceedings. But those garnishee proceedings, so far as Schmidt was concerned, were void, and furnished no legal justification for his delivering over the satisfaction, note, and mortgage, in violation of his instructions. A party claiming protection under such proceedings must show that they are regular and valid. Now, it appears that this justice issued two writs of attachment in the cases of Zimmerman and Ebert against this plaintiff and others. The writs were issued on the 10th of June, 1884, and made returnable on the 18th of that month. The plaintiff herein, *William Edler*, was not a resident of the county, was not personally served with process, and made no appearance. On the return-day of the writs the justice made an order requiring the plaintiffs [in those cases] to give notice in the Wisconsin River Pilot, a newspaper published in Marathon county, to the defendant *Edler*, that a warrant of attachment had been issued against him, and his property attached to satisfy plaintiffs' demand; and that unless defendant should appear before the justice at his office on the 18th of July, 1884, at nine o'clock in the forenoon, judgment would be rendered against him, and his property sold to pay the plaintiffs' demand. This notice was duly published, but it does not appear that it was ever seen by the plaintiff in this action, or that it came to his knowledge. On the 15th of July affidavit for a garnishee summons was made, and the process was served on that day upon Schmidt in the Ebert suit. From the docket entries of the justice it would seem that at the same time a like process was served upon Schmidt in the Zimmerman suit, though no such garnishee papers

were offered in evidence or could be found; but on the 18th of July Schmidt appeared before the justice in both suits and answered that he had in his possession a note and mortgage belonging to *Edler*, the defendant therein, of the amount of $400, which had been sent him for collection; also that he had the satisfaction piece.   The justice entered an order in both suits directing him to deliver these papers into court within ten days, for the benefit of the plaintiffs in those actions.   These orders Schmidt complied with, but before doing so he notified this plaintiff by letter what proceedings had been taken.

It is now claimed that Schmidt rightfully parted with these papers under these orders, and that the plaintiff is bound by his acts.   We deem this position untenable, because the facts show that the justice had no jurisdiction to make the orders.   They can therefore justify or excuse no act done under them.   The statute regulating the practice in a garnishee case like this is very plain.   It provides, in substance, that the person garnished shall be summoned to appear before the justice *on the return day of the attachment.* Sec. 3716, R. S.   In this case the garnishee process was not served until nearly a month after the return day of the attachment.   Schmidt might as well have appeared voluntarily without process.   But no voluntary appearance or submission of the garnishee will confer jurisdiction or waive the requirements of the statute.   In ordinary actions, of course, a party may waive process, make a voluntary appearance, and submit to the jurisdiction of the court.   " But this right a garnishee, as such, has not.   He cannot voluntarily appear and substitute his creditor's creditor for his own, because that goes to jurisdiction of the subject, not to jurisdiction of his person."   RYAN, C. J., in *Steen v. Norton,* 45 Wis. 417.   It is elementary that the proceeding of garnishment is special, in derogation of the common law, and that the statute must be strictly pursued in order to confer

jurisdiction.  This is clearly laid down in *Steen v. Norton, supra; Wells v. Am. Exp. Co.* 55 Wis. 24; and the cases cited in opinions.  See, also, *Hebel v. Amazon Ins. Co.* 33 Mich. 400.  The court could only acquire jurisdiction of Schmidt by service and return of process as the statute required.  It follows from these views that Schmidt had no justification or excuse for surrendering the note and mortgage to any one; *a fortiori* he had none for parting with the possession of the satisfaction piece, which was placed upon record.

The defendants *Hasche* and wife are the only parties who have appeared in this suit.  It appears that *Hasche* purchased the mortgaged premises of the mortgagor, Brandt, subject to the mortgage.  He states in his answer, and the evidence shows, that he was garnished in the Ebert and Zimmerman suits and appeared on the return day of the attachment.  The docket entries of the justice show that he answered on that day as garnishee, and stated that he was indebted to the plaintiff herein in the sum of $400 when the process was served upon him.  These seem to be the only facts stated by him in his answer.  The indebtedness was the purchase price of the premises which he had bought. The court found that an agreement was made between the plaintiff and *Hasche*, whereby the latter was to pay the plaintiff the principal of the note and mortgage given by Brandt.  We do not find any sufficient evidence of an agreement by which the plaintiff was to accept *Hasche* as his debtor and look to him for his debt.  There was certainly no novation.  The mortgage and note were kept alive, as all admit.  True, the plaintiff had been notified in May, by a letter signed by both Brandt and *Hasche*, that the latter had purchased the premises and had undertaken to pay the mortgage, and that he would do so if the securities were sent to Schmidt with a satisfaction piece.  These are the simple facts as to *Hasche's* indebtedness to the plaintiff, as

we understand the testimony, and it is plain that *Hasche* did not owe the plaintiff any sum when he was garnished. *Hasche* was required by every principle of good faith to have stated these facts as to his indebtedness in his answer in the garnishee suits. But this he did not do, but admitted an absolute indebtedness to the plaintiff of $400. On the answer, the justice in effect ordered him to pay into court the amount due on the note and mortgage, and then directed that Schmidt deliver to him the satisfaction piece. We have seen that the justice had no jurisdiction over Schmidt, and had no power to make an order for him to deliver up the papers in his possession. *Hasche* knew that the note and mortgage had been sent to Schmidt for collection merely, and he ought to have known that Schmidt had no authority to deliver them up to any one except upon payment; for the papers were sent to Schmidt by the plaintiff at *Hasche's* request, so that the mortgage could be paid.

The counsel for plaintiff claims that the evidence shows collusion between *Hasche* and Zimmerman and Ebert, and that the former acted entirely in their interest. There are circumstances which tend to sustain that view, but we rather conclude that *Hasche* was ignorant and did not know that, at least, the law required he should be strictly impartial in the matter and make to the justice a full and fair disclosure of all the facts in regard to his alleged indebtedness to the plaintiff. He was certainly in duty bound to do that much, both for his own protection and the protection of the plaintiff, who was not present to make the defense. The rule is sometimes stated that it is the duty of the garnishee to interpose any defense upon the merits which he knows the principal defendant might interpose were he present defending against the proceeding. But *Hasche* made an unqualified admission of indebtedness, when the real facts leave it in doubt whether he was the debtor of the plaintiff so as to be liable as garnishee. It does not

appear that he was liable for the payment of the note and mortgage, or, rather, that he could have been compelled to pay them. In a word, he failed to state the real facts so that the justice could decide as to his liability. It may therefore be that he has paid over money under an order which the justice would never have made had he made a correct and full disclosure of the facts.

We have made these remarks in view of the matters stated in the answer, which are evidently relied on as a defense, without intending to conclude *Hasche* on the question of the payment of the mortgage debt. It may be that he can show that the mortgage has been legally paid. But that question is left open for further investigation. There must be a foreclosure for whatever shall be found due upon the mortgage. If, on a sale of the mortgaged property, there should be a deficiency, and it should appear that *Hasche* assumed and agreed to pay the mortgage debt, there may be a judgment for such deficiency against him. It appears that he has removed a building from the mortgaged premises onto his own land, greatly depreciating the value, and rendering the security inadequate for the payment of the mortgage. This was waste, and in case of deficiency the plaintiff is entitled to a judgment against *Hasche* for the value of the building wrongfully removed. Whether the plaintiff would be entitled to have an order making the value of the building a lien upon the premises to which it has been removed, as his counsel claims, is a question left for future consideration. But *Hasche's* liability for waste which has so impaired the security that the mortgage debt cannot be realized on sale, upon every principle of justice is clear and must be affirmed. *Jones v. Costigan,* 12 Wis. 678; *Kimball v. Darling,* 32 Wis. 676; *Taylor v. Collins,* 51 Wis. 124; *Hoile v. Bailey,* 58 Wis. 454.

We do not think that the other points made in the brief of defendant's counsel require notice.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

See note to this case in 31 N. W. Rep. 61.— REP.