[No. 9469. Department Two. September 14, 1911.]

TRACEY KELSEY, *Appellant,* v. GORDON MACKAY *et al., Respondents.*[1]

ATTORNEY AND CLIENT—EMPLOYMENT—CONTRACT — MUTUAL MISTAKE. An attorney cannot recover on a contract of employment wherein it was agreed that he would conduct a contest of a certain homestead claim for the sum of $600, to be paid on the successful termination of the contest, and that the client was to have sixty days within which to have the land cruised by a certain cruiser, and if the cruise did not show at least ten million feet of timber on the land, the employment was to be discontinued, where the client rescinded the contract two days after it was executed and it appeared that there was no timber on the land, although no cruise was made; since there was a mutual mistake as to the supposed subject-matter of the contract, which in fact had no existence.

[1]Reported in 117 Pac. 714.

. Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered October 31, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action on contract. Reversed.

*McCafferty, Robinson & Godfrey,* for appellant.
*Gordon Mackay,* for respondents.

Crow, J.—On November 30, 1909, the defendant Gordon . Mackay, an attorney at law, as party of the first part, and the plaintiff, Tracey Kelsey, as party of the second part, entered into a written contract, material portions of which read as follows:

"Party of the first part agrees to carry out a contest against W. Thomas Edwards, who has filed a homestead entry on the southwest quarter of the northeast quarter and the north half of the southeast quarter and the southeast quarter of the southeast quarter, all in section 20, township 21, N., R. 9, W. W. M., Chehalis county, Washington, the said homestead entry being No. 0421 and having been made by the said W. Thomas Edwards on June 18, 1909, upon the following terms and conditions.

"The said contest is to be started and made at the expense of the second party, the expenses to be advanced by the said first party until the consummation thereof. Upon the successful termination of the said contest, the said first party is to receive from the said second party the sum of $600, less all land office costs. . . . To assure the carrying out of this contest the said second party agrees to further make out a certificate of deposit at the Olympia National Bank, Olympia, Washington, payable to the order of the first party and deliver the same over to the said first party in the sum of $500, and to pay the said first party the balance, to wit: $100, within thirty days after the successful termination of the said contest. The said $500 to be returned to the said second party in case of unsuccessful termination of the said contest upon payment of said land office expenses advanced by the said first party. . . .

"It is also agreed that the said second party is to have the

privilege of having the said land cruised within 60 days from this date, and if the said cruise does not show at least ten million feet, this contract is ended and abrogated then and there, upon notice of the said first party to said cruise. Upon such notice the said first party is to pay all expenses he has gone to up to this time, and the said $500 is to be returned to the said second party.

"It is agreed further that the cruiser to cruise the land is to be James Fraizer of Olympia, Washington, and if he cannot be obtained there will be some other person agreeable to both parties."

· On December 7, 1909, plaintiff, in writing, notified Mackay he elected to rescind the contract, and demanded a return of the $500 which had been deposited with the bank. Mackay refused to recognize plaintiff's right to rescind. Thereafter plaintiff commenced this action against Mackay and the Olympia National Bank, to rescind the contract and recover the $500. He, in substance, alleged, the contract had been fraudulently procured by a clerk in Mackay's law office who had made misrepresentations relative to valuable timber on the land; that he stated there was not less than ten million feet of merchantable timber, whereas the land had been logged off some years previously and had no valuable timber. Mackay admitted the making of the contract, the deposit of the $500, and the notice of rescission; but affirmatively alleged he had at all times been ready and willing to perform his contract; that Kelsey had refused performance; and that he had been damaged in the sum of $500, for which he asked judgment.

The trial judge found, that on December 7, 1909, plaintiff refused to proceed; that Mackay at all times had been ready to perform his contract, but had been prevented by plaintiff; that there had been no fraud practiced by Mackay or any other party to the action; that Mackay had been damaged in the sum of $500; and that the bank claims no interest in the money, but at all times has been ready to comply with the order of the court as to its disposal. No finding

was made as to the amount of timber on the land, if any. We find there was practically none. Judgment was entered in favor of Mackay for $500, which the bank was directed to pay. The plaintiff has appealed.

On the trial, fraud was considered with other issues in the case, appellant contending respondent, through his clerk, had not only misrepresented the facts as to the timber, but also the law with reference to the price per acre he would be required to pay the government for the land. We regard the issue of fraud as immaterial, and will assume both parties were honestly mistaken as to the actual quantity of existing merchantable timber. The only purpose of a contest was to aid appellant in obtaining the land as a valuable timber claim. It was expressly stipulated that if a cruise did not disclose ten million feet, the contract was to be abrogated and the deposit returned to appellant. Although James Fraizer made no cruise, it appears, from undisputed evidence, the land had been logged off some years before, and that no valuable timber remained. Contests filed by other parties against the homestead entry, before and after the date of the contract, were dismissed, no one appearing to prosecute the same. Appellant's only motive in agreeing to pay for respondent's services was that, in the event of a successful contest, he might acquire the land and its supposed valuable timber. The contract indicates that both parties believed merchantable timber to the extent of ten million feet was growing on the land. The timber constituted the subject-matter of the contract. Had appellant known it did not exist he would not have contracted for a contest or for respondent's services. He had no craving for a lawsuit devoid of any possibility of beneficial results to himself. The timber which he desired was the subject-matter of his contract, a necessary element to its validity and existence.

"Where certain facts assumed by both parties are the basis of a contract, and it subsequently appears that such facts did not exist, there is no agreement. Thus where parties

agree in regard to a thing which unknown to both parties does not exist at the time, there is no contract, for there is no subject-matter." 9 Cyc. 399.

"If the parties to a contract enter into it under the belief that the subject-matter or consideration is in existence, and in effect condition their contract thereon, no contract exists if the subject-matter is not then in existence." 1 Page, Contracts, § 72.

See, also, *Edwards v. Trinity & B. V. R. Co.* (Tex. Civ. App.), 118 S. W. 572; *St. Louis Southwestern R. Co. v. Johnston* (Tex. Civ. App.), 125 S. W. 61; *Fink v. Smith*, 170 Pa. St. 124, 32 Atl. 566, 50 Am. St. 750; *Duncan v. New York Mut. Ins. Co.*, 138 N. Y. 88, 33 N. E. 730, 20 L. R. A. 386; *Griffith v. Sebastian County*, 49 Ark. 24; *Nordyke & Marmon Co. v. Kehlor*, 155 Mo. 643, 56 S. W. 287, 78 Am. St. 600; *Blake v. Lobb's Estate*, 110 Mich. 608, 68 N. W. 427.

In *Fritzler v. Robinson*, 70 Iowa 500, 31 N. W. 61, plaintiffs executed to defendant a lease of land in which the parties believed there was a deposit of coal which the defendant was to mine. Defendant was to pay plaintiffs five cents per ton royalty for coal mined, or not less than $300 per year, provided the royalty did not amount to that sum, and plaintiffs were also to have coal for home consumption. It was subsequently ascertained that there was no coal on the land. Plaintiffs sought to recover the minimum royalty of $300 for the first year, and $25 for failure to deliver coal for home use. The court, in holding that they could not recover, said:

"It appears very clear, however, from the evidence, that the lease or conveyance was executed, delivered and received under the belief that there was coal underlying the premises, and that the same could be mined. It is equally clear from the testimony that there is no coal there. The lease was therefore entered into by the parties through a material honest mistake of fact, of vital importance to the validity of the contract. Both parties were dealing in regard to something they supposed to be in existence so far as either had any knowledge. Against such a mistake equity will grant

relief. 1 Story, Eq. Jur., 142-144; *Allen v. Hammond,* 11 Pet., 63 (70) ; 2 Kent, Comm. (10th ed.), 643. There being, therefore, a total failure of consideration arising out of mutual mistake, the plaintiff is not entitled to recover of the defendants."

Respondent has performed no services. He insists appellant failed to employ Fraizer to make the contemplated cruise. If appellant had caused the cruise to be made within the sixty days named, the fact that no merchantable timber existed would have been disclosed, and he would have been entitled to an immediate return of his money. His delay in obtaining a cruise did not create for the contract the subject-matter which had never existed, nor did it confer additional rights upon respondent who prosecuted no contest.

The judgment is reversed, and the cause remanded with instructions to enter judgment in favor of the appellant, directing the payment of the $500 to him, no judgment for costs to be entered for or against the bank. Appellant will recover costs in this court and in the superior court, but against the respondent Mackay only.

DUNBAR, C. J., ELLIS, and MORRIS, JJ., concur.