THOMSEN and others, Plaintiffs, vs. HERCULES STEEL CASTING COMPANY and others, Defendants: CULLEN, Receiver, Appellant, vs. LANDWEHR and others, Respondents.

*January 7—April 1, 1930.*

248

*Joseph G. Hirschberg* and *Walter D. Corrigan, Sr.,* both of Milwaukee, for the appellant.

For the respondents John J. McGovern, Francis E. McGovern, and Abigail McGovern there was a brief by *James H. Van Wagenen,* attorney, and *John J. Devos,* of counsel, both of Milwaukee, and oral argument by *Mr. Devos.*

For the respondent Walter Landwehr there was a brief by *Wehe & Landrey of* Milwaukee, and oral argument by *L. J. Landrey.*

*Lilian M. Kohlmetz* of Milwaukee, for the respondent Traub.

The following opinion was filed February 4, 1930:

STEVENS, J. (1) Upon compliance with the terms of the judgment the receiver was entitled to an order in this action settling his accounts, discharging him from further liability, and canceling his bond. He was also entitled to an order fixing the compensation of himself and of his attorneys for any services rendered by them after the entry of the judgment. These are orders which are essential to closing the receivership,—orders which should be made in this action. Because the court denied this relief the judgment must be reversed with directions to enter such orders

with reference to fixing such fees and discharging the receiver as the court shall determine are proper to close the receivership.

(2) The real property of the Hercules Steel Casting Company did not sell for enough to pay the mortgages that were upon it. The receiver and his attorneys were paid in full for all services performed by them in caring for and preserving the property covered by these mortgages. The receiver made claim for a sum in excess of $21,000, of which more than $13,500 was for additional compensation to the receiver and his counsel for services which were not performed in protecting the interests of the lien holders.

There was in the hands of the receiver a fund of $2,074.62 which came from the proceeds of the sale of the property not subject to the mortgages on the plant. The judgment which was affirmed in 196 Wis. 581, 219 N. W. 439, provided that this sum, with accumulated interest, "be and the same hereby is allowed to the receiver as a further allowance to him for compensation and attorneys' fees for services rendered by the receiver and his attorneys which were not for the benefit of lien holders." In its findings the court determined that this sum of $2,074.62 "now in the hands of the receiver is available for the payment of further allowances for compensation and expenses of the receiver for attorneys' fees and it should be applied thereto, . . . as a reasonable allowance for compensation to them under the circumstances of this case."

It appears from the findings and judgment that the trial court determined that the allowance of this sum of $2,074.62, in addition to the sums paid for services in preserving and caring for the property, was a reasonable allowance to the receiver and his attorneys under the circumstances of the case. Doubtless in making this finding the court had in mind the fact that there were no other funds available for that purpose. The entire assets of the corpora-

tion were less than $160,000. Under the judgment the receiver and his counsel received $3,125.37 out of the proceeds of the property of the defunct corporation to pay them for services rendered. A claim in excess of $13,500 more, in addition to compensation for services rendered since the entry of the judgment, appears to be so large as to suggest that the receiver overlooked the fact that the purpose of a receivership is to protect the interests of creditors. The trial court evidently considered the fees claimed excessive, because he allowed the fees for services performed in the preservation of the property subject to liens at exactly one half the amount which was claimed by the receiver and his attorneys.

The judgment heretofore entered in this action in legal effect denied the receiver's claim for the allowance of any compensation to either himself or to his attorneys in addition to that fixed by the judgment. The amount of such allowances was not questioned on the appeal from the judgment. The judgment fixing such allowances was affirmed. It is now too late to question the determination of the court that such sum should measure the compensation to be paid to the receiver and his attorneys for services rendered before the entry of the judgment. The determination is *res judicata* in this action.

(3) The fees of the receiver for services rendered by himself and his attorneys since the entry of the judgment have never been fixed. But as there are no funds in his hands with which to pay these fees, the receiver cannot recover them, unless those who procured his appointment are liable to pay these fees.

"It may be stated as a general rule . . . that where there is no question as to the legality or propriety of the appointment of the receiver, the receiver's compensation and expenses are payable from the funds in his hands, no part thereof being taxable against the party at whose instance the

receiver was appointed." 23 Ruling Case Law, p. 106. "Ordinarily and primarily . . . the property and not the party who procured the appointment is liable for the fees and expenses of the receivership." 34 Cyc. 366–7.

No such liability on the part of the party asking the appointment of a receiver arises from the simple fact that the receiver was appointed on the motion of such a party. The purpose of a receivership is to care for and preserve the property of the company for the benefit of all who have any interest in the property,—not merely for the plaintiff who began the action or the officers and directors of the corporation. "Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer or creature, the receiver." *Atlantic Trust Co. v. Chapman,* 208 U. S. 360, 370, 28 Sup. Ct. 406, 52 Lawy. Ed. 528, 533.

Neither the plaintiff nor those who were officers of the defunct corporation had any more voice in the control of the administration of the affairs of the corporation by the receiver than did any other creditor or person interested in the assets of the company. "It is the court itself which has the care of the property in dispute. The receiver is but the creature of the court; he has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court." *Atlantic Trust Co. v. Chapman,* 208 U. S. 360, 371, 28 Sup. Ct. 406, 52 Lawy. Ed. 528, 533.

The cases cited by the receiver do not warrant the conclusion that either the one who asks the appointment of the receiver or the officers and directors of the company are liable to pay the fees claimed by the receiver simply because the receiver does not have sufficient funds in his hands to pay the compensation claimed by the receiver and his attorneys. To create such liability there must be some special

circumstances in addition to the insufficiency of funds which make it equitable that such parties should meet the expenses of the receivership. In the cases cited by the receiver these special circumstances may be roughly classified as (a) agreements to pay the compensation of the receiver, if one is appointed, (b) obligations incurred when appointments are made on condition that the applicant agrees to pay such compensation, (c) appointments which were made without authority, irregularly or illegally made, (d) appointments made where there was no right to maintain the action, or (e) cases in which the party procuring the appointment had no interest in or claim upon the property in question.

There are no such special circumstances in this case. All that was done was to submit the application to the court in the ordinary course of legal procedure. All that appears is that there were not sufficient funds to pay the entire claim of the receiver and his attorneys. In the case at bar there is an entire lack of any such special circumstances as were involved in the cases relied upon by the receiver. It follows that neither the plaintiff nor the officers and directors of the company are liable to pay any part of the compensation of the receiver and of his counsel.

(4) The fact that approximately $4,700 of the $21,000 claimed is for the amount due on certificates issued by the receiver does not impose liability upon those who began the action nor upon the officers and directors of the company. The question whether receivers' certificates shall be issued was one that was submitted to the sound discretion of the court. The court might, if it had seen fit so to do, have required security to be given that these certificates would be paid if funds in the hands of the receiver were insufficient to pay the same, but the court did not do so. The certificates which the receiver issued "are, in a substantial sense, the contracts and engagements of the court. The liabilities which he incurs are liabilities chargeable upon the property

under the control and in the possession of the court, and not liabilities of the parties. They have no authority over him and cannot control his acts. When neither the order appointing a receiver nor the order authorizing him to borrow money and issue certificates was conditioned upon the plaintiff's . . . being liable for the expenses of the receivership, and when no special circumstances appear which, upon equitable principles, would authorize the court to fix liability upon the plaintiff for such expenses, the general rule should be applied which makes such expenses a charge upon the property or fund under the control of the court, without any personal liability therefor upon the part of the plaintiff, who invoked the jurisdiction of the court. The mere inadequacy of the property or fund to meet such expenses constitutes in itself no reason why liability should be fastened upon the plaintiff." *Atlantic Trust Co. v. Chapman,* 208 U. S. 360, 375–6, 28 Sup. Ct. 406, 52 Lawy. Ed. 528, 535.

The order appealed from is reversed, and the cause remanded with directions to make such orders as may be essential to close the receivership, discharge the receiver, and cancel his bond. No costs will be taxed by either party. The appellant will pay the fees of the clerk of this court.

*By the Court.*—So ordered.

FRITZ, J., took no part.

A motion for a rehearing was denied, with $25 costs, on April 1, 1930.