FIRST NATIONAL BANK OF NEENAH, Plaintiff and Respondent, v. CLARK & LUND BOAT COMPANY and others, Defendants: ROSS, Special Administratrix, Intervenor Appellant.

*No. 390. Submitted under sec. (Rule) 251.54 May 8, 1975.—Decided June 3, 1975.*

(Also reported in 229 N. W. 2d 221.)

For the appellant the cause was submitted on the brief of *Ludwig & Schlimovitz* of Milwaukee.

For the respondent the cause was submitted on the brief of *Remley, Sensenbrenner, Stein & Cummings, S. C.,* of Neenah.

HEFFERNAN, J.   Rose M. Ross is the administratrix of the estate of George Ross, who had been hired to be the manager of the Clark & Lund Boat Company, that was then in receivership.  She alleges that George Ross was not paid the salary promised him, and that he was not repaid advances he made to the receivership.  Because the receivership does not have sufficient funds to pay these claims, Rose M. Ross seeks to recover from the First National Bank of Neenah, alleging that the bank unlawfully petitioned for the receivership, and that the receivership was designed only to effect the purposes

of the bank and was not for a legally recognized purpose. She also claims that there were special circumstances that make it equitable to charge the bank for the expenses of the receivership.

The trial judge applied the rule that one who petitions for the appointment of a receiver when the receivership is authorized by law is not responsible for the expenses of the receivership unless there are special circumstances that equitably require that the receiver be charged. Rose M. Ross has appealed.

The record shows that in 1967 the bank, which held a substantial mortgage on the property of Clark & Lund Boat Company, commenced an action for foreclosure of the mortgage and for a sale of the property to satisfy the mortgage debt. The bank also asked for the appointment of a receiver to operate the business during the course of the foreclosure.

Lyal D. Williams was appointed the receiver. He attempted to sell the marina by placing an advertisement in the Wall Street Journal. George Ross responded. Eventually, Ross submitted an offer to purchase the marina. During the pendency of the purchase arrangements, Ross was hired by Williams as the general manager of the marina at a salary of $2,000 per month. The hiring of Ross was approved by an order of the court.

This ad hoc arrangement continued until January 15, 1972, when Ross resigned. He died on November 5, 1972. His widow claims that the bank is liable for $77,000 in unpaid salary and for $44,000 advanced to the marina.

The claim of the estate of Ross was asserted during the course of the closing of the foreclosure proceedings.

We agree with the trial judge that the receivership was legally authorized; and, hence, the bank did not incur any liability for petitioning for the appointment of an unjustified receivership.

Sec. 268.16, Stats., provides:

"268.16 **Receivers.** A receiver may be appointed:

"(1) On the application of either party, when he establishes an apparent right to or interest in property which is the subject of the action and which is in the possession of an adverse party, and the property or its rents and profits are in danger of being lost or materially impaired."

This court has held that the appointment of a receiver in a mortgage foreclosure action can only be justified for the purpose of preventing waste. *Dick & Reuteman Co. v. Jem Realty Co.* (1937), 225 Wis. 428, 433, 274 N. W. 416; and *Grether v. Nick* (1927), 193 Wis. 503, 512, 213 N. W. 304, 215 N. W. 571. In *Dick & Reuteman,* at page 435, the court added that, where waste has been committed, it is an abuse of discretion not to appoint a receiver "unless there is some counterbalancing equity." Discussing what constitutes waste, this court has said that failure to pay taxes or interest depreciates the value of the security and amounts to waste. *Grether,* at page 509, and *Dick & Reuteman,* at page 435.

The bank's request for appointment of a receiver in this case alleged waste, stating:

"That the Defendant, Clark, through its agents and employees has wrongfully and injuriously diverted accounts receivable and moneys due plaintiff, has wrongfully failed to pay State of Wisconsin Sales and Employee Withholding Taxes, has wrongfully failed to pay insurance premiums on the mortgaged buildings and contents, has wrongfully converted moneys from sale of boats held on trust receipts; and that continuation of said practice by the present agents and employees of defendant, Clark, will be in violation of Plaintiff's rights and result in irreparable damage to the Plaintiff."

In an affidavit accompanying the complaint, a vice-president of the bank set forth specific practices which he claimed adversely affected the bank's interests in the

property and which placed the property or its rents and profits in danger of being lost or materially impaired.

The affidavit recited that the boat company had failed to pay insurance premiums, had failed to pay Wisconsin sales taxes, had failed to pay Wisconsin and federal employee withholding taxes, and had jeopardized the assets of the company in other respects.

These allegations, which were not contraverted, are, prima facie, sufficient to show waste. The court's order appointing the receiver was legally justified under established Wisconsin law, statutory as well as decisional.

If a receivership is ordered in conformity with legal requirements, there is no liability on the petitioner unless there are special circumstances which dictate that, in equity, the expenses of the receivership ought to be charged against the petitioner.

Rose M. Ross argues that such special circumstances exist in this case which make it equitable to charge the bank.

Situations in which special circumstances may arise are stated in *Cullen v. Landwehr* (1930), 201 Wis. 247, 252, 253, 229 N. W. 68:

"To create such liability [that is, to hold the party requesting the receiver liable for the expenses of the receivership] there must be some special circumstances in addition to the insufficiency of funds which make it equitable that such parties should meet the expenses of the receivership. In the cases cited by the receiver these special circumstances may be roughly classified as (a) agreements to pay the compensation of the receiver, if one is appointed, (b) obligations incurred when appointments are made on condition that the applicant agrees to pay such compensation, (c) appointments which were made without authority, irregularly or illegally made, (d) appointments made where there was no right to maintain the action, or (e) cases in which the party procuring the appointment had no interest in or claim upon the property in question."

The trial court in this case applied these standards to the facts and concluded that there was no showing of circumstances sufficient to impose liability upon the bank. The trial court's findings were not contrary to the great weight and clear preponderance of the evidence, and its conclusions were based upon the appropriate law.

The trial judge correctly found that the bank was not a party to the promise to pay a salary to Ross. The obligation was the receiver's and was sanctioned by a court order. Nor was there any promise by the bank to pay any of the expenses of the receivership.

As we have pointed out, the receiver was appointed in accordance with the law and the hiring of Ross was sanctioned by the court. The bank had an interest in the property which was subject to waste and was a proper party to seek the appointment of a receiver.

On this appeal the administratrix lists nine factual circumstances which she claims give rise to liability under the "special circumstances" rule. We have carefully examined these contentions and find that they add nothing that would undermine the findings of fact and the conclusions of the trial court. Substantially all of these conclusions are subsumed under the five criteria of *Cullen*. To the extent they are not, we find them irrelevant. In general, Rose M. Ross seems to argue, because there had been prior knowledge of some of the receiver's acts by the bank's attorney, this constituted an express ratification of the contract and evinced the bank's willingness to be bound.

The trial judge correctly concluded that the bank's interest in these transactions was merely that of a financial adviser to all concerned. It was attempting to assist Ross in the purchase of the boat company's assets. It was inevitable under these circumstances that the bank would be informed of the progress of the receivership, but

there is absolutely no evidence that Ross was the agent or employee of the bank or was entitled to be paid by the bank.

The receiver was properly appointed on a prima facie showing of waste. There are no "special circumstances" which warrant the imposition of liability upon the First National Bank of Neenah, the petitioner for the receivership.

*By the Court.*—Order affirmed.