137 Wis.2d 313 (1987)
404 N.W.2d 109
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation, Plaintiff-Respondent,
v.
SPENCER'S KENOSHA BOWL INC., a Wisconsin corporation, Defendant-Appellant,
The MILLER-WOHL COMPANY, a Delaware corporation, Martin Yudell, a partner of Delco Development Co. of Kenosha, a co-partnership, Allen Yudell, a partner of Delco Development Co. of Kenosha, a co-partnership, Abraham A. Rosen, a partner of Delco Development Co. of Kenosha, a co-partnership, Max R. Lapofsky, a partner of Delco Development Co. of Kenosha, a co-partnership, Plaza 50 Property Association, an association of property owners, Hupp Co., an OH Corp., a corporation, and State of Wisconsin, a sovereign state and body politic, Defendants.
No. 86-0807.
Court of Appeals of Wisconsin.
Submitted on briefs November 26, 1986.
Decided February 18, 1987.
*315 For the defendant-appellant the cause was submitted on the briefs of W.O. Kupfer of Kupfer & Kupfer of Kenosha.
For the plaintiff-respondent the cause was submitted on the brief of Charles Q. Kamps and John A. Rothstein of Quarles and Brady of Milwaukee.
Before Scott, C.J., Brown, P.J., and Nettesheim, J.
NETTESHEIM, J.
Spencer's Kenosha Bowl, Inc. (Spencer's) appeals from a judgment awarding $369,188.21 in damages to the Prudential Insurance Company of America (Prudential). The award is for waste committed by Spencer's upon real estate against *316 which Prudential holds a mortgage. Spencer's raises four issues on appeal: (1) whether Spencer's, as a successor owner which did not assume the mortgage indebtedness, may be held liable for waste, including passive or permissive waste; (2) whether Prudential's waste claim was properly included in a foreclosure action; (3) whether the trial court properly calculated the amount of the waste judgment against Spencer's; and (4) whether the waste finding is sufficiently supported by the evidence. Because we resolve all of the issues against Spencer's, we affirm.
The property involved in this litigation is a commercial building constructed in 1970 and situated on real estate located in the city of Kenosha. Spencer's purchased the property in 1975 from Delco Development Co. (Delco) which had previously mortgaged the property to Prudential. It is undisputed that Spencer's did not assume Delco's mortgage indebtedness when it purchased the property. Prudential subsequently foreclosed on the property after the mortgage note was in default.
In April, 1983, the Honorable Frederick Kessler, the judge then assigned to the case, granted Prudential's request for foreclosure of the property. The amount owed on the mortgage note at the time of the sheriff's sale was fixed at $994,497.80. The property sold for $635,000 in May, 1984. Following the sale, the Honorable Richard G. Harvey, Jr., the judge subsequently assigned to the case, held a hearing on Prudential's claim that Spencer's had committed waste upon the property. In his decision on the waste issue, Judge Harvey found that Spencer's had committed waste in the following amounts:

*317
Property Taxes $198,743.34
Roof 37,890.00
Ceiling Tile and Grid 103,064.52
Electric Facilities 14,647.16
Drywall-wood 36,251.85
Restroom 766.66
Exterior Canopy 13,090.83
Cleanup Costs 16,381.00
Floor Tile Damage 24,000.00
 _________
 $444,835.36

However, because the amount of the waste exceeded the amount of the debt less the foreclosure sale proceeds, Judge Harvey lowered Prudential's waste award so that it equaled the amount of the debt deficiency.[1]
Spencer's initially argues that a grantee who does not assume the mortgage of a grantor-mortgagor cannot be held liable for any waste committed on the mortgaged property. Whether a mortgagor has a cause of action for waste is a question of law. See Williams v. Security Savings & Loan Ass'n, 120 Wis. 2d 480, 482, 355 N.W.2d 370, 372 (Ct. App. 1984). As a result, we review this question independently of any conclusions made by the trial court. Id.
Waste is a species of tort. See Jaffe-Spindler Co. v. Genesco, Inc., 747 F.2d 253, 256 (4th Cir. 1984). It is defined as "the unreasonable conduct by the owner of *318 a possessory estate that results in physical damage to the real estate and substantial diminution in the value of the estates in which others have an interest." Pleasure Time, Inc. v. Kuss, 78 Wis. 2d 373, 381, 254 N.W.2d 463, 467 (1977). Although a mortgagee only has a lien on the mortgaged property, see sec. 708.01, Stats.; State v. Phillips, 99 Wis. 2d 46, 50, 298 N.W.2d 239, 241 (Ct. App. 1980), he or she is entitled to maintain a legal action for waste against a mortgagor. See Jones v. Costigan, 12 Wis. 757 (*677), 760-65 (1860).
We conclude that the waste doctrine permits a mortgagee to maintain an action for waste against a nonassuming grantee of a mortgagor. In Scott v. Webster, 50 Wis. 53, 6 N.W. 363 (1880), the supreme court held that senior mortgagees in possession of property were accountable to a junior mortgagee for waste committed on the property. Id. at 64, 6 N.W. at 365. There, the senior mortgagees removed a large amount of timber from the property which substantially diminshed its value. Id. at 60-61, 6 N.W. at 363. Prior to the timber removal, the senior mortgagees purchased an equity of redemption which entitled them to possession of the property. Id. at 62, 6 N.W. at 364. Consequently, the senior mortgagees were both owners and mortgagees of the property. Id. at 63, 6 N.W. at 364-65. The court reasoned that with respect to the junior mortgagee, the senior mortgagees were mortgagees in possession and as such must be held liable for the waste they committed while in possession of the property. Id. at 63-64, 6 N.W. at 365.
Here, as in Scott, Spencer's legally had possession of the property and, under the trial court's findings, committed acts which resulted in a substantial diminution *319 in the property's value. It is undisputed that Prudential, as a mortgagee, had an interest in the property. See Phillips, 99 Wis. 2d at 50, 298 N.W.2d at 241. As a result, all of the essential ingredients for a waste cause of action as set out in Pleasure Time are met. See Pleasure Time, 78 Wis. 2d at 381, 254 N.W.2d at 467. Moreover, we consider the court's reasoning in Scott as an indication of the liberality to be allowed a mortgagee when enforcing or protecting the lien interest. See also Atkinson v. Hewett, 63 Wis. 396, 23 N.W. 889 (1885) (mortgagee allowed to recover for wasteful conduct of trespasser). We do not deem the nonassuming grantee's status so unique that it warrants insulation from a waste action and prevents the mortgagee from preserving and protecting a security interest.
Our conclusion is also supported by the supreme court's language in Edler v. Hasche, 67 Wis. 653, 659-61, 31 N.W. 57, 59-61 (1887). There, Edler and Brandt were mortgagee and mortgagor, respectively. As in this case, Hasche purchased the mortgaged property from Brandt "subject to the mortgage." Id. at 659, 31 N.W. at 59. While the court left for a later proceeding the question of Hasche's liablity for the mortgage debt and strongly suggested that the evidence might not support a finding that Hasche had assumed the mortgage, the court nonetheless recognized that Hasche's removal of a building was waste for which he was liable to Edler. The court stated that "Hasche's liability for waste ... upon every principle of justice is clear and must be affirmed." Id. at 661, 31 N.W. at 60-61.
The import of Edler on this case is clear. Regardless of successor liablity on the mortgage debt, the court in Edler affirms the principle that a nonassuming *320 grantee can be liable to a mortgagee for waste committed to the secured property. Consequently, Spencer's nonassuming grantee status does not affect its liability for waste.
As an extension of this issue, Spencer's attempts to draw a distinction between its liability for active and passive waste.[2] Passive or permissive waste results from negligence or omission to do that which would prevent injury. See Finley v. Chain, 374 N.E.2d 67, 79 (Ind. Ct. App. 1978) (overruled on other grounds by Morris v. Weigle, 383 N.E.2d 341, 345 n. 3 (Ind. 1978)). Active or voluntary waste requires an affirmative act which results in the destruction or alteration of property. See Jowdy v. Guerin, 457 P.2d 745, 748 (Ariz. Ct. App. 1969). At common law, an individual could be held liable for waste only if the acts were tortious and intentional. See Leipziger, The Mortgagee's Remedies for Waste, 64 Calif. L. Rev. 1086, 1093-94 (1976). No waste cause of action lay for negligent waste. Id. at 1094, 1130-32.
Whether a particular act is waste depends upon the circumstances. Pleasure Time, 78 Wis. 2d at 381, 254 N.W.2d at 467. Modern Wisconsin law does not distinguish between passive and active waste. However, early Wisconsin law recognized that waste could *321 "be either voluntary or permissive." Melms v. Pabst Brewing Co., 104 Wis. 7, 9, 79 N.W. 738, 739 (1899). Moreover, Wisconsin law has dealt with fact situations where the actions characterized as waste can be described as either active or passive. See, e.g., Scott, 50 Wis. at 53, 6 N.W. at 363 (waste resulting from removal of timber); Jones, 12 Wis. at 757 (removal of doors and windows from house); Pleasure Time, 78 Wis. 2d at 381, 254 N.W.2d at 467-68 (waste alleged involved demolished and deteriorated buildings); First Nat'l Bank v. Clark & Lund Boat Co., 68 Wis. 2d 738, 741, 229 N.W.2d 221, 223 (1975) (failure to pay taxes).
[7]
We conclude that the modern waste definition is broad enough in Wisconsin to include both active and passive waste. The common law "limitations are not well rationalized in the cases and seem to have come about largely by accident." Leipziger, supra, at 1094. Conduct which results either in active or passive waste "may injure or threaten property rendering the debt unsafe." Finley, 374 N.E.2d at 79. Consequently, the mortgagee's security may be impaired by either passive or active waste and the policy for allowing the mortgagee recovery is the same regardless of the type of waste involved.[3]
*322 Next, Spencer's argues that the entry of judgment was not warranted because the amount of the waste found to have been committed was less than the amount obtained from the sale of the property. Spencer's, however, cites no legal authority for this proposition and, as a result, we are not required to consider it. See State v. Schaffer, 96 Wis. 2d 531, 545-46, 292 N.W.2d 370, 378 (Ct. App. 1980). Moreover, Spencer's argument seems to be a distortion of the common law rule that, in lien jurisdictions, a mortgagee cannot recover until his security has been substantially impaired which occurs only when waste has reduced the value of the encumbered property to less than the unpaid balance of the debt. See Leipziger, supra, at 1097. It is undisputed in this case that the waste found by the trial court reduced the value of the encumbered property in the fashion required by this rule.
Spencer's also challenges the trial court's calculation of the damages based on the debt deficiency. Spencer's argues that this is in fact an award of a deficiency judgment on a mortgage which it never assumed. However, in lien jurisdictions, a trial court must determine the extent of reduction in the value of the security interest in the property, not just the amount of injury to the real estate. See Finley, 374 N.E.2d at 78. Where, as here, the amount of waste committed on the property is greater than the amount of the debt deficiency, the extent of reduction in the value of the mortgagee's security interest will always *323 be equal to the debt deficiency. Consequently, we do not view the trial court's award as a deficiency judgment but, rather, as an independent award litigated within the context of a foreclosure proceeding.
Next, Spencer's argues that the trial court improperly dealt with the waste claim within the context of a foreclosure action.[4] We disagree. It is well-established law that a mortgagee may include a waste claim in a foreclosure action. In Whorton v. Webster, 56 Wis. 356, 371, 14 N.W. 280, 287 (1882), the court noted that:
This claim of [a junior mortgagee] to be compensated for the damage done to his mortgage interest by the wrongful acts of the [senior mortgagees] is a purely legal claim, and could undoubtedly be enforced in what would formerly have been denominated an action on the case. He made his claim in the present [foreclosure] proceeding as being an appropriate means of obtaining compensation for the wrong done him .... We think he has the same right in this [foreclosure] proceeding that he would have in a direct action to recover his damages for the waste committed by the [senior mortgagees].
*324 [9]
Finally, Spencer's argues that the trial court's finding that Spencer's had committed waste by failing to maintain the property is not supported by the evidence. Whether a particular act constitutes waste is left to the trier of fact. Pleasure Time, 78 Wis. 2d at 382, 254 N.W.2d at 468. Factual findings will not be overturned unless clearly erroneous. Sec. 805.17(2), Stats.
We conclude that the trial court's finding that Spencer's failed to maintain the property is supported by the evidence. The record reveals that at the time of Spencer's occupancy in 1975, the building's roof was only five years into its twenty-year expected life span; that the roof was in full compliance with the state building code when Spencer's took occupancy in 1975; that an expert witness testified that the leaks in the roof had existed for some time and had resulted in extensive damage to the interior fixtures; that the roof was first cited for being in violation of the state building code in 1983; and that when this action was commenced the roof had completely deteriorated and needed total replacement. Consequently, the trial court concluded that most if not all of the roof's deterioration and subsequent damage to the building occurred while Spencer's had possession of the property. This finding is not clearly erroneous.[5]
*325 By the Court.Judgment affirmed.
NOTES
[1] Following this mathematical exercise, Judge Harvey then added $9,690.41 representing damages for lost rent relative to the cocktail lounge. This calculation is not specifically challenged on appeal.
[2] Spencer's bases its passive waste argument on Camden Trust Co. v. Handle, 26 A.2d 865 (N.J. 1942), which recognized the common law rule that a nonassuming grantee cannot be liable for passive or permissive. We agree with the Indiana court that there is no logical or practical reason for support of this rule. See Finley v. Chain, 374 N.E.2d 67, 79 n. 7 (Ind. Ct. App. 1978) (overruled on other grounds by Morris v. Weigle, 383 N.E.2d 341, 345 n. 3 (Ind. 1978)).
[3] Spencer's also complains that the pleadings do not adequately raise the waste claim which mandates dismissal of the judgment for waste. The record indicates that Spencer's raised this objection at the commencement of the waste hearing held on November 28, 1984. Assuming without deciding that the pleadings fail to raise a waste claim, we conclude that Spencer's failed to show how it was prejudiced in its defense of the waste action. See sec. 802.09(2), Stats.; Zobel v. Fenendael, 127 Wis. 2d 382, 390-93, 379 N.W.2d 887, 891-93 (Ct. App. 1985), cert. denied, 107 S. Ct. 47 (1986). It is undisputed that the parties engaged in a number of pretrial hearings and discovery dating back to more than one year before the waste hearing. The record also indicates that the trial court conducted a physical inspection of the property prior to the waste hearing. With this pretrial preparation, Spencer's was well informed of the waste claim and fully able to maintain a defense.
[4] Spencer's also attempts to avoid liability by arguing that it owes no duty to Prudential because it is not in privity of contract. However, as with other torts, once it is determined that a negligent act has been committed and that the act is a substantial factor in causing the harm, the question of duty is irrelevant and a finding of liability can only be made in terms of public policy. See A.E. Inv. Corp. v. Link Builders, Inc., 62 Wis. 2d 479, 485, 214 N.W.2d 764, 767 (1974). We do not view the lack of privity as a sufficient policy reason for not imposing liability where Spencer's negligence is shown to be a substantial factor in occasioning the harm. Id. at 488, 214 N.W.2d at 769.
[5] In its brief, Prudential argues that it is entitled to double damages for Spencer's waste under sec. 844.19(2), Stats. Because Prudential has not filed a cross-appeal in this action, we do not address this issue. See Rule 809.10(2)(b), Stats.